■ DCFS USA, LLC, Respondent, v Metro Construction Equities et al., Appellants. [996 NYS2d 113]—

In an action, inter alia, to recover damages for breach of contract and breach of a personal guaranty, the defendants appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Queens County (Pineda-Kirwan, J.), entered June 13, 2012, as granted those branches of the plaintiff's motion which were for summary judgment on the second, third, and fourth causes of action and for summary judgment dismiss-

ing the fourteenth and fifteenth affirmative defenses and first and second counterclaims, and (2) from a judgment of the same court entered July 24, 2012, which, upon the order, is in favor of the plaintiff and against them, jointly and severally, in the principal sum of $82,265.70. The notice of appeal from the order is deemed also to be a notice of appeal from the judgment (*see* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff made a prima facie showing of entitlement to judgment as a matter of law on the second, third, and fourth causes of action by establishing the existence of a retail installment contract and guaranty, and the defendants' failure to make payments according to their terms (*see HSBC Bank USA, N.A. v Goldberger*, 105 AD3d 906, 907 [2013]; *Clemente Bros. Contr. Corp. v Hafner-Milazzo*, 100 AD3d 677, 679 [2012], *mod* 23 NY3d 277 [2014]; *JPMorgan Chase Bank, N.A. v Bauer*, 92 AD3d 641, 641-642 [2012]). In opposition, the defendants failed to raise a triable issue of fact. The defendants failed to submit any proof that they were entitled to an offset as alleged in the fourteenth affirmative defense and first counterclaim (*compare Sound Shore Med. Ctr. of Westchester v Maloney*, 96 AD3d 823, 824 [2012]; *Khoury v Khoury*, 280 AD2d 453, 454 [2001]). Additionally, the defendants' conclusory allegations with respect to the fifteenth affirmative defense and second counterclaim sounding in fraud in the inducement and lack of consideration were insufficient to raise a triable issue of fact in response to the plaintiff's establishment of its entitlement to summary judgment with respect to that affirmative defense and counterclaim (*see Griffon V, LLC v 11 E. 36th, LLC*, 90 AD3d 705, 707 [2011]; *Jin Sheng He v Sing Huei Chang*, 83 AD3d 788, 789 [2011]).

The defendants' remaining contentions are without merit. Rivera, J.P., Hall, Austin and Cohen, JJ., concur.