■ Anna Maria Assevero, Respondent, v Saoud Rihan, Appellant, et al., Defendants. [42 NYS3d 300]—

In an action, inter alia, to recover damages for breach of a personal guarantee, the defendant Saoud Rihan appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Connolly, J.), dated February 6, 2015, as granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against him, and (2) from an order of the same court

dated June 26, 2015, which denied his motion for leave to renew and reargue his opposition to that branch of the plaintiff's motion.

Ordered that the appeal from so much of the order dated June 26, 2015, as denied that branch of the motion of the defendant Saoud Rihan which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated February 6, 2015, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated June 26, 2015, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff made a prima facie showing of her entitlement to judgment as a matter of law against the defendant Saoud Rihan, to recover on his personal guarantee of the obligations of the defendant Home Pros Realty Corp. (hereinafter Home Pros) under a mortgage note, by submitting proof of the underlying note, a personal guarantee bearing Rihan's signature, the failure of Home Pros to make payment in accordance with the terms of the note, and Rihan's failure to make payment in accordance with his personal guarantee (*see DCFS USA, LLC v Metro Constr. Equities*, 122 AD3d 565, 566 [2014]; *Manufacturers & Traders Trust Co. v Capital Bldg. & Dev., Inc.*, 114 AD3d 912, 912-913 [2014]; *HSBC Bank USA, N.A. v Goldberger*, 105 AD3d 906, 907 [2013]; *HSBC Bank USA, N.A. v Laniado*, 72 AD3d 645 [2010]; *North Fork Bank Corp. v Graphic Forms Assoc., Inc.*, 36 AD3d 676 [2007]).

In opposition, Rihan failed to raise a triable issue of fact. Rihan submitted an affidavit in which he averred that he erroneously signed the "note and promissory note that should have been signed by Home Pros." This bare assertion was unsupported by any additional evidence and conflicted with the unambiguous terms of the note, which was signed by Rihan on behalf of Home Pros, and the guarantee, which was signed by Rihan as guarantor. As such, Rihan's affidavit was insufficient to raise a triable issue of fact (*see HSBC Bank USA, N.A. v Laniado*, 72 AD3d at 645; *North Fork Bank Corp. v Graphic Forms Assoc., Inc.*, 36 AD3d at 676).

A motion for leave to renew must " 'be based upon new facts not offered on the prior motion that would change the prior determination,' " and must " 'contain reasonable justification for the failure to present such facts on the prior motion' " (*Jovanovic v Jovanovic*, 96 AD3d 1019, 1020 [2012], quoting

CPLR 2221 [e] [2], [3]). However, a motion for leave to renew "is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (*Coccia v Liotti*, 70 AD3d 747, 753 [2010] [internal quotation marks omitted]). While law office failure can be accepted as a reasonable excuse in the exercise of the court's sound discretion, the movant must submit supporting facts to explain and justify the failure, and mere neglect is not accepted as a reasonable excuse (*see Morrison v Rosenberg*, 278 AD2d 392 [2000]; *Cole-Hatchard v Grand Union*, 270 AD2d 447 [2000]).

Here, the evidence Rihan submitted in support of his motion demonstrated that his failure to submit the affirmation of a witness, which indicated that he had erroneously signed the personal guarantee, constituted mere neglect, which cannot be accepted as a reasonable excuse.

Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against Rihan, and properly denied that branch of Rihan's motion which was for leave to renew his opposition to the relevant branch of the plaintiff's motion.

Rihan's remaining contention is without merit. Leventhal, J.P., Miller, LaSalle and Brathwaite Nelson, JJ., concur.