Margarella v Ullian (2018 NY Slip Op 05926)





Margarella v Ullian


2018 NY Slip Op 05926


Decided on August 29, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2016-03548
2016-03552
 (Index No. 150811/15)

[*1]Michael Margarella, et al., respondents, 
v
Michael Ullian, appellant.


The Scher Law Firm, LLP, Carle Place, NY (Austin Graff of counsel), for appellant.
Menicucci Villa Cilmi, PLLC, Staten Island, NY (Jeremy Panzella of counsel), for respondents.



DECISION & ORDER
In an action to recover on a promissory note and personal guaranty, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendant appeals from (1) an order of the Supreme Court, Richmond County (Kim Dollard, J.), dated February 5, 2016, and (2) a judgment of the same court entered April 4, 2016. The order granted the plaintiffs' motion and denied the defendant's cross motion pursuant to CPLR 3211(a)(8) to dismiss the complaint on the ground of lack of personal jurisdiction. The judgment, upon the order, is in favor of the plaintiffs and against the defendant in the total sum of $3,395,814.51.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs.
The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
In October 2009, the plaintiffs entered into a "Building Loan Agreement" with Ponquogue Manor Construction, LLC (hereinafter Manor), to loan $1.5 million toward Manor's project to develop a condominium complex on its property located in Hampton Bays. Simultaneously, the defendant, individually and on behalf of Manor as its managing member, executed a promissory note and a personal guaranty of Manor's obligations under the note. Manor allegedly defaulted on the note, and the plaintiffs commenced this action to recover on the note and guaranty by motion for summary judgment in lieu of complaint pursuant to CPLR 3213. The defendant cross-moved pursuant to CPLR 3211(a)(8) to dismiss for lack of personal jurisdiction. The Supreme Court granted the plaintiffs' motion and denied the defendant's cross motion. The defendant appeals.
The plaintiffs established their prima facie entitlement to judgment as a matter of law through their submission of the promissory note, which contained an unequivocal and unconditional obligation to pay, the guaranty, and evidence that the defendant failed to make payment in [*2]accordance with the terms of those instruments (see Assevero v Rihan, 144 AD3d 1061, 1062; DCFS USA, LLC v Metro Constr. Equities, 122 AD3d 565, 566; Griffon V, LLC v 11 E. 36th, LLC, 90 AD3d 705, 706). In opposition, the defendants failed to raise a triable issue of fact as to a bona fide defense to nonpayment (see Castle Restoration & Constr., Inc. v Castle Restoration, LLC, 122 AD3d 789, 790; Rachmany v Regev, 115 AD3d 840, 841). Contrary to the defendant's contention, the promissory note was not "inextricably intertwined" with certain other allegedly related agreements the parties entered into, such that any breach of the allegedly related agreements by the plaintiffs may create a defense to payment on the promissory note or relieve the defendant of his obligation under the guaranty (see Preciosa USA, Inc. v Weiss & Biheller, MDSE, Corp., 127 AD3d 1156, 1156; Castle Restoration & Constr., Inc. v Castle Restoration, LLC, 122 AD3d at 790; New York Community Bank, 88 AD3d 667, 668). The terms of the promissory note provided that the maker's obligations were "absolute and unconditional" and that the promissory note was "valid and enforceable irrespective of any other agreement or circumstances." Accordingly, we agree with the Supreme Court's determination to grant the plaintiffs' motion for summary judgment in lieu of complaint pursuant to CPLR 3213.
The record supports the Supreme Court's denial of the defendant's cross motion pursuant to CPLR 3211(a)(8) to dismiss the complaint on the ground of lack of personal jurisdiction. The process server's affidavits constituted prima facie evidence of proper service (see Citimortgage, Inc. v Baser, 137 AD3d 735, 736; American Home Mtge. Servicing, Inc. v Gbede, 127 AD3d 1004, 1005; Indymac Fed. Bank, FSB v Hyman, 74 AD3d 751, 751). The defendant's submissions in support of the cross motion were insufficient to defeat the presumption of proper service (see Kondaur Capital Corp. v McAuliffe, 156 AD3d 778, 779; US Bank N.A. v Cherubin, 141 AD3d 514, 516; Wells Fargo Bank, N.A. v Kohn, 137 AD3d 897, 897; Indymac Fed. Bank, FSB v Hyman, 74 AD3d at 751).
BALKIN, J.P., AUSTIN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court