Maksoud v Iskhakov (2020 NY Slip Op 06112)





Maksoud v Iskhakov


2020 NY Slip Op 06112


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
JEFFREY A. COHEN
HECTOR D. LASALLE, JJ.


2018-07766
 (Index No. 500282/18)

[*1]Hossam Maksoud, respondent-appellant,
v
Radion Iskhakov, appellant-respondent.


McMahon, Martine & Gallagher, LLP, Brooklyn, NY (Patrick W. Brophy of counsel), for appellant-respondent.
Antar Law Firm, PLLC, Brooklyn, NY (Solomon E. Antar of counsel), for respondent-appellant.



DECISION & ORDER
In an action to recover on a personal guaranty, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendant appeals, and the plaintiff cross-appeals, from an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated May 9, 2018. The order, insofar as appealed from, denied the defendant's cross motion for summary judgment dismissing the action. The order, insofar as cross-appealed from, denied the plaintiff's motion for summary judgment in lieu of complaint.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
According to the plaintiff, the parties, who were the equal owners of a corporation, entered into an agreement by which the corporation was to purchase the plaintiff's shares, with the defendant to guarantee the corporation's liability. The defendant admits that he signed various documents to effectuate this transfer and transmitted them to the plaintiff but asserts that he did so only as an offer to purchase, which the plaintiff subsequently rejected. It is undisputed, however, that the defendant executed a guaranty of a promissory note made by the corporation, also signed by the defendant on behalf of the corporation, whereby the defendant agreed to guarantee the corporation's payment to the plaintiff of the sum of $118,772, payable in installments. Thereafter, the corporation allegedly defaulted on the payments, and the plaintiff accelerated payment of the note.
The plaintiff commenced this action to recover on the guaranty by moving pursuant to CPLR 3213 for summary judgment in lieu of complaint. The defendant cross-moved for summary judgment dismissing the action. The Supreme Court denied the motion and the cross motion. The defendant appeals and the plaintiff cross-appeals.
Under CPLR 3213, "[w]hen an action is based upon an instrument for the payment of money only . . . the plaintiff may serve with the summons a notice of motion for summary judgment and the supporting papers in lieu of a complaint." To establish prima facie entitlement to judgment as a matter of law on the issue of liability with respect to a guaranty of note, a plaintiff must submit evidence of the underlying note containing an unequivocal and unconditional obligation to repay, a guaranty, and the failure of the defendant to make payment in accordance with the terms [*2]of those instruments (see Griffon V, LLC v 11 E. 36th, LLC, 90 AD3d 705; Lugli v Johnston, 78 AD3d 1133, 1135; E.D.S. Sec. Sys. v. Allyn, 262 AD2d 351). Once the plaintiff submits evidence establishing these elements, the burden then shifts to the defendant to submit evidence establishing the existence of a triable issue with respect to a bona fide defense (see Jin Sheng He v Sing Huei Chang, 83 AD3d 788, 789).
Here, the plaintiff established his prima facie entitlement to judgment as a matter of law through his submission of the promissory note, which contained an unequivocal and unconditional obligation to pay, the guaranty, and evidence that the defendant failed to make payment in accordance with the terms of those instruments (see Assevero v Rihan, 144 AD3d 1061; DCFS USA, LLC v Metro Constr. Equities, 122 AD3d 565, 566). However, in opposition to the plaintiff's prima facie showing, the defendant raised a triable issue of fact with respect to the bona fide defense of lack of consideration for the note (see Samet v Binson, 79 AD3d 1005, 1005-1006; Mastro v Carroll, 296 AD2d 802, 802-803; Cafaro v Squitieri, 290 AD2d 472). Contrary to the plaintiff's contention, the defendant is not barred from using parol evidence to challenge the recitation in the note that consideration was given. Where "a want of consideration is available as a defense, parol evidence is admissible to show that an apparently valid obligation in writing was given without consideration to support it" (Prince, Richardson on Evidence § 11-203 [Farrell 11th ed.]). "The recitation of receipt of consideration is a 'mere admission of a fact which, like all such admissions, may be explained or disputed by parol evidence'" (Ehrlich v American Moninger Greenhouse Mfg. Corp., 26 NY2d 255, 258, quoting Prince, Richardson on Evidence § 585 [9th ed.]). In light of the existence of a triable issue of fact, the defendant is likewise not entitled to summary judgment.
The parties' remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination denying the motion and cross motion for summary judgment.
SCHEINKMAN, P.J., BALKIN, COHEN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court