Capital One Taxi Medallion Fin. v JEB Mgt. Corp. (2021 NY Slip Op 01960)





Capital One Taxi Medallion Fin. v JEB Mgt. Corp.


2021 NY Slip Op 01960


Decided on March 31, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 31, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
HECTOR D. LASALLE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-00061 
2017-00062
 (Index No. 608014/15)

[*1]Capital One Taxi Medallion Finance, respondent,
v
JEB Management Corp., defendant, Ruben Elberg, appellant.


Levi Huebner & Associates, P.C., Brooklyn, NY, for appellant.
Skadden, Arps, Slate, Meagher & Flom LLP, New York, NY (George A. Zimmerman, Elizabeth A. Molino, Madeleine P. MacNeil, and Alex Drylewski of counsel), for respondent.



DECISION & ORDER
In an action to recover on personal guaranties, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendant Ruben Elberg appeals from (1) a judgment of the Supreme Court, Suffolk County (Jerry Garguilo, J.), dated November 7, 2016, and (2) an order of the same court dated November 15, 2016. The judgment, upon an order of the same court dated August 25, 2016, granting that branch of the plaintiff's motion which was for summary judgment in lieu of complaint insofar as asserted against the defendant Ruben Elberg, is in favor of the plaintiff and against that defendant in the principal sum of $3,590,000. The order dated November 15, 2016, denied the motion of the defendant Ruben Elberg for leave to reargue his opposition to that branch of the plaintiff's motion which was for summary judgment in lieu of complaint insofar as asserted against him.
ORDERED that the appeal from the order dated November 15, 2016, is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff entered into three separate loan agreements (hereinafter collectively the loans) with Jarub Trans. Corp., Merill Transit, Inc., and Spindle Cab Corp. (hereinafter collectively the borrowers). The defendant Ruben Elberg (hereinafter the defendant), who allegedly owns Merill Transit, Inc., and Spindle Cab Corp. and a 50% interest in Jarub Trans. Corp., executed personal guaranties for each of the loans. In 2014, the plaintiff provided written notice to each borrower stating that it would not be renewing the respective loans, and the loans each matured on January 1, 2015. The borrowers failed to repay the outstanding balances, totaling $3,590,000, and defaulted on the loans, and the defendant failed to make any payments due on the loans under the guaranties.
The plaintiff commenced this action by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, seeking, inter alia, to recover the sum of $3,590,000 from the [*2]defendant along with its costs, charges, expenses, and fees incurred in enforcing the guaranties. In an order dated August 25, 2016, the Supreme Court granted that branch of the plaintiff's motion which was for summary judgment in lieu of complaint insofar as asserted against the defendant. The court then issued a judgment dated November 7, 2016, in favor of the plaintiff and against the defendant in the principal sum of $3,590,000. The defendant appeals.
"'On a motion for summary judgment to enforce a written guaranty, all that the creditor need prove is an absolute and unconditional guaranty, the underlying debt, and the guarantor's failure to perform under the guaranty'" (H.L. Realty, LLC v Edwards, 131 AD3d 573, 574, quoting City of New York v Clarose Cinema Corp., 256 AD2d 69, 71; see Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro, 25 NY3d 485, 492; United Rentals [N. Am.], Inc. v Iron Age Tool Corp., 150 AD3d 1304, 1306). Here, the plaintiff established its prima facie entitlement to judgment as a matter of law through its submission of the loan agreements, the guaranties, and evidence that the defendant failed to make payment in accordance with the terms of those instruments (see Assevero v Rihan, 144 AD3d 1061; DCFS USA, LLC v Metro Constr. Equities, 122 AD3d 565, 566). Once the plaintiff establishes, prima facie, its entitlement to judgment as a matter of law, "the burden shifts to the defendant to establish, by admissible evidence, the existence of a triable issue with respect to a bona fide defense" (Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro, 25 NY3d at 492 [internal quotation marks omitted]).
The Supreme Court properly determined that the defendant waived the defenses to the enforcement of the guaranties. The guaranties contained an "absolute, continuing and unconditioned guaranty of payment" in which the defendant agreed to remain liable even where he would otherwise be entitled to an equitable or legal discharge of his obligations. Moreover, the guaranties provided that the defendant would remain liable for "Obligations of Borrower created or arising before termination and all renewals extensions, refinancings and other Liablities arising out of same." By their terms, the guaranties were absolute and unconditional and foreclosed the defendant from raising the defenses of collusion and fraudulent inducement (see Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro, 25 NY3d at 492-497; Barnaba Realty Group, LLC v Solomon, 121 AD3d 730, 731). In any event, the defendant failed to demonstrate the existence of a triable issue with respect to these defenses.
The defendant's remaining contentions are either without merit or improperly raised for the first time on appeal.
CHAMBERS, J.P., LASALLE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court