Citimortgage, Inc. v Peralta (2021 NY Slip Op 06832)





Citimortgage, Inc. v Peralta


2021 NY Slip Op 06832


Decided on December 8, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2018-11159
 (Index No. 704844/16)

[*1]Citimortgage, Inc., respondent, 
v
Ramon A. Peralta, etc., appellant, et al., defendants.


J. A. Sanchez-Dorta, New York, NY, for appellant.
Akerman LLP, New York, NY (Jordan M. Smith and Jason St. John of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Ramon A. Peralta appeals from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), entered June 20, 2018. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike his answer with counterclaims, and for an order of reference and, in effect, denied that defendant's cross motion for leave to amend his answer.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In April 2016, the plaintiff commenced this action to foreclose a consolidated mortgage encumbering the subject property, which is located in Queens. The defendant Ramon A. Peralta (hereinafter the defendant) served a verified answer with several counterclaims. The plaintiff subsequently moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer with counterclaims, and for an order of reference. The defendant opposed the motion and cross-moved for leave to amend his answer, in effect, pursuant to CPLR 3025(b). In an order entered June 20, 2018, the Supreme Court granted those branches of the plaintiff's motion and, in effect, denied the defendant's cross motion. The defendant appeals.
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in denying his cross motion for leave to amend his answer. "Leave to amend a pleading shall be freely given absent prejudice or surprise resulting directly from the delay unless the proposed amendment is palpably insufficient or patently devoid of merit" (Tavor v Lane Towers Owners, Inc., 197 AD3d 584, 586 [internal quotation marks omitted]). Here, the amendments sought were palpably insufficient or patently devoid of merit (see Pirelli v OCWEN Loan Servicing, LLC, 129 AD3d 689, 692-693; Wells Fargo Bank, N.A. v Wine, 90 AD3d 1216, 1218; New York Mtge. Servicing Corp. v Dake, 179 AD2d 1007, 1008).
The defendant's remaining contention is without merit. In light of our determination, we need not reach the plaintiff's remaining contentions.
RIVERA, J.P., CHAMBERS, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court