JPMorgan Chase Bank N.A. v EY Bay Ridge, LLC (2023 NY Slip Op 00311)

JPMorgan Chase Bank N.A. v EY Bay Ridge, LLC

2023 NY Slip Op 00311

Decided on January 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
REINALDO E. RIVERA
JOSEPH A. ZAYAS
WILLIAM G. FORD, JJ.

2019-11227
 (Index No. 6914/08)

[*1]JPMorgan Chase Bank N.A., respondent,
v
EY Bay Ridge, LLC, appellant, et al., defendants.

The Rosenfeld Law Office, Lawrence, NY (Avi Rosenfeld of counsel), for appellant.
Parker Ibrahim & Berg LLP, New York, NY (Scott W. Parker and Charles W. Miller III of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant EY Bay Ridge, LLC, appeals from an order of the Supreme Court, Kings County (Kenneth P. Sherman, J.), dated July 2, 2019. The order, insofar as appealed from, upon a decision of the same court dated December 4, 2018, granted that branch of the plaintiff's motion which was for leave to renew those branches of its prior motion which were for summary judgment on the complaint insofar as asserted against the defendant EY Bay Ridge, LLC, to strike that defendant's answer and counterclaims, and for an order of reference, which had been denied in an order of the same court dated October 21, 2015, and, upon renewal, vacated so much of the order dated October 21, 2015, as denied those branches of the plaintiff's prior motion, and thereupon granted those branches of the plaintiff's prior motion, and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the order dated July 2, 2019, is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiff's motion which was for leave to renew those branches of its prior motion which were for summary judgment on the complaint insofar as asserted against the defendant EY Bay Ridge, LLC, to strike that defendant's answer and counterclaims, and for an order of reference is denied, and so much of the order dated October 21, 2015, as denied those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against the defendant EY Bay Ridge, LLC, to strike that defendant's answer and counterclaims, and for an order of reference is reinstated.
On March 9, 2006, the defendant Yisroel Moster executed a note in the sum of $348,000 in favor of the plaintiff. On that same day, as security for the note, Moster executed a mortgage in the plaintiff's favor encumbering certain property located in Brooklyn (hereinafter the subject property). On May 28, 2007, Moster transferred title to the subject property to the defendant EY Bay Ridge, LLC (hereinafter the defendant). Moster defaulted on the mortgage loan by failing to make the payment due and owing on November 1, 2007, and continuing thereafter. The plaintiff thereafter commenced this action to foreclose the mortgage against, among others, the defendant. After issue was joined, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike its answer and counterclaims, and for an order of reference. By order dated October 21, 2015, the Supreme Court, among other things, denied those [*2]branches of the plaintiff's motion.
The plaintiff moved, inter alia, for leave to renew those branches of its prior motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike its answer and counterclaims, and for an order of reference. In an order dated July 2, 2019, the Supreme Court, upon a decision dated December 4, 2018, inter alia, granted that branch of the plaintiff's motion which was for leave to renew, and, upon renewal, vacated so much of the order dated October 21, 2015, as denied those branches of the plaintiff's prior motion, and thereupon granted those branches of the plaintiff's prior motion, and appointed a referee to compute the amount due to the plaintiff. The defendant appeals.
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination . . . and . . . shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][2], [3]). "The requirement that a motion for leave to renew must be based on new facts is a flexible one" (Wells Fargo Bank, N.A. v Malek, 199 AD3d 1040, 1041 [internal quotation marks omitted]). "Although the requirement that a motion for renewal must be based on new facts is a flexible one, a motion to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (Mooklal v Clermont Farm Corp., 187 AD3d 740, 741 [internal quotation marks omitted]). Moreover, the court has the discretion to grant renewal upon facts known to the movant at the time of the original motion, "provided that the movant offers a reasonable justification for the failure to submit the additional facts on the original motion" (Castor v Cuevas, 137 AD3d 734, 734 [internal quotation marks omitted]). What constitutes a reasonable justification, including law office failure, is within the discretion of the Supreme Court (see id. at 734).
Here, the plaintiff supported its original motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant with the affidavit of Caitlin Q. DeWeese. DeWeese's affidavit did not specify the service method by which a required notice of default was sent to the defendant or explain why the notice was sent to a different address than the address of the subject property. In the October 21, 2015 order, the Supreme Court, among other things, denied the plaintiff's motion, determining that the plaintiff failed to establish that the required notice of default was either mailed by first-class mail or actually delivered to the notice address as required by the mortgage, and that the address to which the plaintiff sent the notice of default was actually the notice address.
In support of that branch of its motion which was for leave to renew, the plaintiff submitted the affidavit of Alicia Hernandez, who averred that the required notice of default was mailed by first-class mail and that the address to which the notice of default was sent was the actual notice address. The only explanation offered by the plaintiff for its failure to submit the Hernandez affidavit on its prior motion was that it reasonably believed that the evidentiary submission it had made on the prior motion was sufficient to establish its prima facie case. This contention is devoid of merit. "A party seeking summary judgment should anticipate having to lay bare its proof and should not expect that it will readily be granted a second or third chance" (Deutsche Bank Natl. Trust Co. v Elshiekh, 179 AD3d 1017, 1020). In the instant matter, the plaintiff failed to demonstrate any valid reason why the Hernandez affidavit could not have been submitted on its prior motion. Since the Hernandez affidavit was submitted without demonstrating a reasonable justification for failing to submit it on the prior motion, renewal should have been denied (see Nationstar Mtge., LLC v Jong Sim, 197 AD3d 1178; Deutsche Bank Natl. Trust Co. v Elshiekh, 179 AD3d at 1021).
The defendant's remaining contentions have been rendered academic in light of our determination.
CONNOLLY, J.P., RIVERA, ZAYAS and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court