Matrix Bellport, LLC v Crest Bellport, LLC (2023 NY Slip Op 04312)

Matrix Bellport, LLC v Crest Bellport, LLC

2023 NY Slip Op 04312

Decided on August 16, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 16, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
PAUL WOOTEN
JANICE A. TAYLOR, JJ.

2021-04315
 (Index No. 606469/20)

[*1]Matrix Bellport, LLC, respondent,
v
Crest Bellport, LLC, et al., appellants.

Scarda & Associates, P.C., Port Jefferson Station, NY (William P. Caffrey, Jr., of counsel), for appellants.
Russo, Karl, Widmaier & Cordano, PLLC, Hauppauge, NY (Richard T. Cordano of counsel), for respondent.

DECISION & ORDER
In an action to recover on a promissory note and personal guaranty, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendants appeal from a judgment of the Supreme Court, Suffolk County (Elizabeth H. Emerson, J), entered May 3, 2021. The judgment, upon an order of the same court dated March 11, 2021, granting the plaintiff's motion for summary judgment in lieu of complaint, is in favor of the plaintiff and against the defendants in the total sum of $2,514,590.66.
ORDERED that the judgment is affirmed, with costs.
The defendant Crest Bellport, LLC (hereinafter the LLC), by its manager, the defendant Enrico Scarda, executed a promissory note in favor of the plaintiff. Scarda personally guaranteed the LLC's obligations under the note. The LLC allegedly defaulted on the note. The plaintiff commenced this action against the defendants to recover on the note and guaranty by motion for summary judgment in lieu of complaint pursuant to CPLR 3213. In an order dated March 11, 2021, the Supreme Court granted the motion for summary judgment in lieu of complaint. On May 3, 2021, a judgment was entered upon the order in favor of the plaintiff and against the defendants in the total sum of $2,514,590.66. The defendants appeal.
The plaintiff established its prima facie entitlement to judgment as a matter of law through its submission of the promissory note, which contained an unequivocal and unconditional obligation to pay, the guaranty, and evidence that the defendants failed to make payment in [*2]accordance with the terms of those instruments (see Margarella v Ullian, 164 AD3d 898, 899; Assevero v Rihan, 144 AD3d 1061, 1062). In opposition, the defendants failed to raise a triable issue of fact as to a bona fide defense to nonpayment (see Margarella v Ullian, 164 AD3d at 899; Castle Restoration & Constr., Inc. v Castle Restoration, LLC, 122 AD3d 789, 790).
Accordingly, we affirm the judgment.
DILLON, J.P., MILLER, WOOTEN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court