Singleton v Summus (2023 NY Slip Op 04610)

Singleton v Summus

2023 NY Slip Op 04610

Decided on September 13, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 13, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2021-06840
2022-05965
 (Index No. 612426/19)

[*1]Robert L. Singleton, Jr., appellant,
v
Daniel Summus, et al., respondents.

Brooke J. Breen (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Joshua Block], of counsel), for appellant.
Landman Corsi Ballaine & Ford, P.C., New York, NY (Daniel S. Moretti, Tina S. Bhatt, and Matt Moccia of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), entered September 8, 2021, and (2) an order of the same court entered June 30, 2022. The order entered September 8, 2021, granted the defendants' motion for summary judgment dismissing the complaint. The order entered June 30, 2022, insofar as appealed from, denied that branch of the plaintiff's motion which was for leave to renew his opposition to the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order entered September 8, 2021, is affirmed; and it is further,
ORDERED that the order entered June 30, 2022, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
On March 19, 2018, a vehicle operated by the plaintiff collided with a garbage truck owned by the defendant Winter Bros. of LI, LLC, and operated by the defendant Daniel Summus. The accident occurred as the garbage truck was attempting to make a right turn into a driveway on Old Willets Path in Smithtown.
In June 2019, the plaintiff commenced this action to recover damages for personal injuries he allegedly sustained in the accident. In May 2021, the defendants moved for summary judgment dismissing the complaint. By order entered September 8, 2021, the Supreme Court granted the defendants' motion. Thereafter, the plaintiff moved, inter alia, for leave to renew his opposition to the defendants' motion for summary judgment dismissing the complaint. In an order entered June 30, 2022, the court, among other things, denied that branch of the plaintiff's motion which was for leave to renew. The plaintiff appeals from both orders.
A "defendant moving for summary judgment in a negligence action has the burden [*2]of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Boulos v Lerner-Harrington, 124 AD3d 709, 709; see Kirby v Lett, 208 AD3d 1174, 1175; McPhaul-Guerrier v Leppla, 201 AD3d 920, 921). There can be more than one proximate cause of an accident (see Richardson v Cablevision Sys. Corp., 173 AD3d 1083, 1084; Cox v Nunez, 23 AD3d 427, 427), and "[g]enerally, it is for the trier of fact to determine the issue of proximate cause" (Kalland v Hungry Harbor Assoc., LLC, 84 AD3d 889, 889; see Howard v Poseidon Pools, 72 NY2d 972, 974; Suchit v Shaikh, 207 AD3d 495). However, the issue of proximate cause "may be decided as a matter of law where only one conclusion may be drawn from the facts" (Nesbitt v Gallant, 149 AD3d 763, 764; see Kirby v Lett, 208 AD3d at 1175; Kalland v Hungry Harbor Assoc., LLC, 84 AD3d at 889).
Here, the defendants established their prima facie entitlement to judgment as a matter of law by submitting, inter alia, the transcripts of the parties' deposition testimony and the testimony of a passenger in the plaintiff's vehicle, dash cam footage of the accident, the certified police accident report, and the report of a mechanical engineer. This evidence demonstrated that Summus was not negligent in the operation of the garbage truck when he attempted to make a right turn into the driveway and that the plaintiff was the sole proximate cause of the accident as he negligently attempted to pass the garbage truck on the right in violation of Vehicle and Traffic Law § 1123. In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's assertion, his affidavit raised merely a feigned factual issue designed to avoid the consequences of his earlier deposition testimony, which was insufficient to raise a triable issue of fact (see Theissen v 7-Eleven, Inc., 189 AD3d 1502, 1504; K. A. v City of New York, 188 AD3d 964, 966).
The Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was for leave to renew. "Pursuant to CPLR 2221, a motion for leave to renew 'shall be based upon new facts not offered on the prior motion that would change the prior determination' and 'shall contain reasonable justification for the failure to present such facts on the prior motion'" (Oparaji v ABN Amro Mtge. Group, Inc., 202 AD3d 988, 989 [citation omitted], quoting CPLR 2221[e][2]; [3]; see JPMorgan Chase Bank N.A. v EY Bay Ridge, LLC, 212 AD3d 794, 795). "[T]he court has the discretion to grant renewal upon facts known to the movant at the time of the original motion, provided that the movant offers a reasonable justification for the failure to submit the additional facts on the original motion" (Mooklal v Clermont Farm Corp., 187 AD3d 740, 741 [internal quotation marks omitted]; JPMorgan Chase Bank N.A. v EY Bay Ridge, LLC, 212 AD3d at 795 [internal quotation marks omitted]). While law office failure can be accepted as a reasonable excuse in the exercise of the court's sound discretion, the movant must submit supporting facts to explain and justify the failure, and mere neglect is not accepted as a reasonable excuse (see Seegopaul v MTA Bus Co., 210 AD3d 715, 716; Lanzillo v 4 World Trade Ctr., LLC, 195 AD3d 907, 909; Assevero v Rihan, 144 AD3d 1061, 1063).
Here, the plaintiff's counsel's explanation for the failure to submit the response and counterstatement of material facts in opposition to the defendants' statement of material facts pursuant to 22 NYCRR 202.8-g amounted to mere neglect and is not a reasonable justification for failing to present the alleged new facts on the prior motion (see Seegopaul v MTA Bus Co., 210 AD3d at 716; Assevero v Rihan, 144 AD3d at 1063; Cole-Hatchard v Grand Union, 270 AD2d 447, 447). In any event, the submission of the plaintiff's response and counterstatement of material facts did not amount to new facts not offered on the prior motion that would change the prior determination.
The plaintiff's remaining contentions are without merit.
DUFFY, J.P., FORD, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court