Kwok Ching Cheung v Sunrise Plaza, LLC (2025 NY Slip Op 02060)

Kwok Ching Cheung v Sunrise Plaza, LLC

2025 NY Slip Op 02060

Decided on April 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
DEBORAH A. DOWLING
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2023-05396
2024-00314
2024-00687
 (Index No. 716296/22)

[*1]Kwok Ching Cheung, etc., respondent, 
v
Sunrise Plaza, LLC, etc., et al., appellants, et al., defendants.

Xue & Associates, P.C., Glen Cove, NY (Benjamin B. Xue and Michael S. Romero of counsel), for appellant Sunrise Plaza, LLC.
The Yitzhak Law Group, Great Neck, NY (Erica T. Yitzhak of counsel), for appellants Danny Wu and Andy Weihan Ho.
Law Offices of Xuejie Wong PLLC, Flushing, NY, for respondent.

DECISION & ORDER
In an action to recover on a promissory note and a personal guaranty, commenced by motion for summary judgement in lieu of complaint pursuant to CPLR 3213, the defendants Danny Wu and Andy Weihan Ho appeal from (1) an order of the Supreme Court, Queens County (Robert I. Caloras, J.), dated March 20, 2023, and (2) a judgment of the same court entered March 24, 2023, and the defendant Sunrise Plaza, LLC, separately appeals from (1) the judgment and (2) an order of the same court entered September 19, 2023. The order dated March 20, 2023, granted the plaintiff's motion for summary judgment in lieu of complaint. The judgment, upon the order dated March 20, 2023, is in favor of the plaintiff and against the defendants Sunrise Plaza, LLC, Danny Wu, and Andy Weihan Ho in the principal sum of $3,527,852. The order entered September 19, 2023, denied the motion of the defendant Sunrise Plaza, LLC, for leave to renew and reargue its opposition to that branch of the plaintiff's motion which was for summary judgment in lieu of complaint against it and to vacate the judgment.
ORDERED that the appeal from the order dated March 20, 2023, is dismissed; and it is further,
ORDERED that the appeal from so much of the order entered September 19, 2023, as denied that branch of the motion of the defendant Sunrise Plaza, LLC, which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the judgment is reversed, on the law, the plaintiff's motion for summary judgment in lieu of complaint is denied, the motion and answering papers are deemed to be the complaint and answers, respectively, and the order dated March 20, 2023, is modified accordingly; and it is further,
ORDERED that the appeal from so much of the order entered September 19, 2023, as denied those branches of the motion of the defendant Sunrise Plaza, LLC, which were for leave [*2]to renew its opposition to that branch of the plaintiff's motion which was for summary judgment in lieu of complaint against it and to vacate the judgment is dismissed as academic in light of our determination on the appeal by that defendant from the judgment; and it is further,
ORDERED that one bill of costs is awarded to the appellants appearing separately and filing separate briefs.
The appeal from the order dated March 20, 2023, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised by the defendants Danny Wu and Andy Weihan Ho on the appeal from that order are brought up for review and have been considered on their appeal from the judgment (see CPLR 5501[a][1]).
In January 2020, the defendant Sunrise Plaza, LLC (hereinafter Sunrise), by Wu, one of its managing members, executed a promissory note in favor of the plaintiff in the amount of $3,000,000. Wu and Ho, another managing member of Sunrise, executed a guaranty in which they personally guaranteed Sunrise's obligations under the note. Sunrise, Wu, and Ho (hereinafter collectively the defendants) allegedly defaulted on the note and the guaranty, and the plaintiff commenced this action by motion for summary judgment in lieu of complaint pursuant to CPLR 3213 to recover on the note and the guaranty. In an order dated March 20, 2023, the Supreme Court granted the plaintiff's motion for summary judgment in lieu of complaint. On March 24, 2023, a judgment was entered, upon the order, in favor of the plaintiff and against the defendants in the principal sum of $3,527,852. Sunrise appeals, and Wu and Ho separately appeal.
"Pursuant to CPLR 3213, a plaintiff demonstrates its prima facie entitlement to judgment as a matter of law with respect to a promissory note if it shows the existence of a promissory note, executed by the defendant, containing an unequivocal and unconditional obligation to repay, and the failure by the defendant to pay in accordance with the note's terms" (Express Valentine Auto Repair Shop, Inc. v New York Taxi 2, Inc., 185 AD3d 550, 551-552 [internal quotation marks omitted]). Similarly, "[o]n a motion for summary judgment to enforce a written guaranty, all that the creditor need prove is an absolute and unconditional guaranty, the underlying debt, and the guarantor's failure to perform under the guaranty" (Capital One Taxi Medallion Fin. v JEB Mgt. Corp., 192 AD3d 1072, 1073 [internal quotation marks omitted]). "A guaranty is a promise to fulfill the obligations of another party," and "a guarantor is [therefore] only liable upon the noncompliance of the principal obligor" (Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro, 25 NY3d 485, 492, 495). "Once the plaintiff submits evidence establishing its prima facie case" on a cause of action to recover on either a note or a guaranty, "the burden then shifts to the defendants to submit evidence establishing the existence of a triable issue of fact with respect to a bona fide defense" (Griffon V, LLC v 11 E. 36th, LLC, 90 AD3d 705, 707).
Here, the plaintiff established, prima facie, her entitlement to judgment as a matter of law through her submission of the promissory note, which contained an unequivocal and unconditional obligation to pay, the guaranty, and an affidavit in which she asserted that the defendants failed to pay in accordance with the terms of those instruments (see Matrix Bellport, LLC v Crest Bellport, LLC, 219 AD3d 725, 725; Torto Note Member, LLC v Babad, 192 AD3d 843, 844-845).
In opposition to the plaintiff's prima facie showing, Sunrise raised a triable issue of fact with respect to the bona fide defense of lack of consideration through the submission of affidavits from Wu and Ho in which they averred that the plaintiff failed to transfer the funds in accordance with the promissory note (see Porat v Rybina, 177 AD3d 632, 633; Denjonbklyn, Inc. v Rojas, 154 AD3d 734, 735; Samet v Binson, 79 AD3d 1005, 1005). Contrary to the plaintiff's contention, the affidavits were not merely conclusory and, instead, contained sufficient details regarding the circumstances of the plaintiff's alleged nonpayment (see Torelli v Esposito, 63 NY2d 903, 904; cf. Carlin v Jemal, 68 AD3d 655, 656; Verela v Citrus Lake Dev., Inc., 53 AD3d 574, 575).
Moreover, since the affidavits raised a triable issue of fact as to whether Sunrise failed to comply with its obligations under the promissory note, Wo and Hu necessarily met their burden of raising a triable issue of fact as to whether their obligations under the guaranty were triggered (see Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro, 25 NY3d at 495-496; Madison Ave. Leasehold, LLC v Madison Bentley Assoc. LLC, 30 AD3d 1, 10, affd 8 NY3d 59; Canterbury Realty & Equip. Corp. v Poughkeepsie Sav. Bank, 135 AD2d 102, 106). Under the circumstances presented, and contrary to the plaintiff's contention, the provision of the guaranty wherein Wu and Ho "absolutely, unconditionally and irrevocably waive[d] any and all right to assert any defense" did not preclude them from holding the plaintiff to the terms of the promissory note (see Canterbury Realty & Equip. Corp. v Poughkeepsie Sav. Bank, 135 AD2d at 106; cf. Capital One Taxi Medallion Fin. v JEB Mgt. Corp., 192 AD3d at 1074).
Accordingly, the Supreme Court should have denied the plaintiff's motion for summary judgment in lieu of complaint.
In light of our determination, the parties' remaining contentions either have been rendered academic or need not be reached.
DILLON, J.P., DOWLING, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court