HSBC Bank USA, N.A. v Joseph (2025 NY Slip Op 03051)

HSBC Bank USA, N.A. v Joseph

2025 NY Slip Op 03051

Decided on May 21, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2023-11019
2025-03934
 (Index No. 506601/15)

[*1]HSBC Bank USA, National Association, etc., plaintiff, 
v
Camella Joseph, appellant, et al., defendants; Viking Equity Partners II, LLC, nonparty-respondent. (Appeal No. 1.)
Viking Equity Partners II, LLC, respondent,
v
Camella Joseph, appellant, et al., defendants. (Appeal No. 2.)

Solomon Rosengarten, Brooklyn, NY, for appellant.
Adam Leitman Bailey, P.C., New York, NY (Courtney J. Lerias of counsel), for nonparty-respondent in Appeal No. 1 and respondent in Appeal No. 2.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Camella Joseph appeals from (1) an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated March 21, 2023, and (2) an order and judgment of foreclosure and sale (one paper) of the same court dated June 3, 2024. The order granted the plaintiff's motion for leave to renew its prior motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Camella Joseph and, upon renewal, granted those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against that defendant and for an order of reference, which had been denied in an order of the same court (Noach Dear, J.) dated March 27, 2018. The order and judgment of foreclosure and sale, upon the order, among other things, directed the sale of the subject property.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, the plaintiff's motion for leave to renew its prior motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Camella Joseph is denied, and the order is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendant Camella Joseph.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241). The issues raised on the appeal from the order are brought up [*2]for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
In 2005, the defendant Camella Joseph (hereinafter the defendant) executed a note in the amount of $475,000 secured by a mortgage encumbering real property located in Brooklyn. In April 2015, the plaintiff commenced this action against the defendant, among others, to foreclose the mortgage. In October 2017, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant. In an order dated March 27, 2018, the Supreme Court denied the plaintiff's motion.
In July 2022, the plaintiff moved for leave to renew its prior motion, among other things, for summary judgment on the complaint insofar as asserted against the defendant. The defendant opposed the motion. In an order dated March 21, 2023, the Supreme Court granted the plaintiff's motion for leave to renew and, upon renewal, granted those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. In an order and judgment of foreclosure and sale dated June 3, 2024, the court, inter alia, directed the sale of the property. The defendant appeals from the order and the order and judgment of foreclosure and sale.
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (id. § 2221[e][3]; see Wells Fargo Bank, N.A. v Mone, 185 AD3d 626, 629). Although the requirement that a motion for renewal must be based on new facts is a flexible one, a motion to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation (see HSBC Bank USA, N.A. v Krebs, 219 AD3d 1417, 1419; JPMorgan Chase Bank N.A. v EY Bay Ridge, LLC, 212 AD3d 794, 795). What constitutes a reasonable justification is within the discretion of the Supreme Court (see JPMorgan Chase Bank N.A. v EY Bay Ridge, LLC, 212 AD3d at 795). "When no reasonable justification is given for failing to present new facts on the prior motion, the Supreme Court lacks discretion to grant renewal" (Wells Fargo Bank, N.A. v Osias, 205 AD3d 979, 981 [internal quotation marks omitted]).
Here, the plaintiff did not offer a reasonable justification for failing to offer the purported new facts and evidence on its prior motion or for its delay in moving for leave to renew after learning of the purported new facts and receiving the purported new evidence nearly two years prior (see Neeman v Smith, 227 AD3d 818, 820; Matter of Allstate Ins. Co. v Liberty Mut. Ins., 58 AD3d 727, 728).
Accordingly, the Supreme Court should have denied the plaintiff's motion for leave to renew its prior motion, among other things, for summary judgment on the complaint insofar as asserted against the defendant.
In light of our determination, we need not reach the parties' remaining contentions.
CONNOLLY, J.P., MILLER, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court