Santander Bank, N.A. v Chef's Orchid-The Grille, Inc. (2026 NY Slip Op 00927)

Santander Bank, N.A. v Chef's Orchid-The Grille, Inc.

2026 NY Slip Op 00927

Decided on February 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
DEBORAH A. DOWLING
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2023-10699
 (Index No. 722639/22)

[*1]Santander Bank, N.A., respondent,
vChef's Orchid-The Grille, Inc., et al., appellants.

Harold A. Bollaci, P.C., Westbury, NY, for appellants.
Platzer, Swergold, Goldberg, Katz & Jaslow, LLP, New York, NY (Linda Mandel Gates and Robert Mastrogiacomo of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover on a promissory note and a personal guaranty, the defendants appeal from a judgment of the Supreme Court, Queens County (Joseph J. Esposito, J.), entered August 30, 2023. The judgment, upon an order of the same court entered July 14, 2023, among other things, granting that branch of the plaintiff's motion which was for summary judgment on the complaint, is in favor of the plaintiff and against the defendants in the total sum of $167,764.70.
ORDERED that the judgment is affirmed, with costs.
In March 2019, the defendant Chef's Orchid-The Grille, Inc. (hereinafter the borrower), executed a promissory note in favor of the plaintiff. Pursuant to the terms of the promissory note, the plaintiff loaned the principal sum of $145,000 in exchange for the borrower's promise to repay that sum with interest on or before March 16, 2020. Simultaneously, the defendant Otis Stone executed a commercial guaranty, personally guaranteeing all sums due under the promissory note.
In August 2022, the plaintiff commenced this action, inter alia, to recover on the promissory note and the guaranty, alleging that the defendants defaulted in making payments due under the terms of the promissory note and the guaranty. Subsequently, the plaintiff moved, among other things, for summary judgment on the complaint. The defendants opposed the plaintiff's motion and cross-moved, inter alia, for leave to serve an amended answer and/or, in the alternative, to compel the plaintiff to accept the defendants' amended answer, and pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action. Separately, Stone moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction due to improper service. The plaintiff opposed the defendants' cross-motion and Stone's motion. In an order entered July 14, 2023, the Supreme Court, among other things, granted that branch of the plaintiff's motion, denied Stone's motion, and denied those branches of the defendants' cross-motion. Thereafter, the court entered a judgment in favor of the plaintiff and against the defendants in the total sum of $167,764.70. The defendants appeal.
"'Nail and mail' service pursuant to CPLR 308(4) may be used only where personal [*2]service under CPLR 308(1) and (2) cannot be made with due diligence" (Lemberger v Khan, 18 AD3d 447, 447; see JP Morgan Chase Bank, N.A. v Baldi, 128 AD3d 777, 777). The due diligence requirement, which "refers to the quality of the efforts made to effect personal service" (Barnes v City of New York, 70 AD2d 580, 580 [internal quotation marks omitted]), may be met with "a few visits on different occasions and at different times to the defendant's residence or place of business when the defendant could reasonably be expected to be found at such location at those times" (Wells Fargo Bank, N.A. v Enitan, 200 AD3d 736, 738 [internal quotation marks omitted]; see Estate of Waterman v Jones, 46 AD3d 63, 66). Here, the Supreme Court properly concluded that the three attempts made by the plaintiff's process server to personally serve Stone at his residence satisfied the due diligence requirement and that Stone's conclusory assertions were insufficient to overcome the presumption of valid service created by the process server's affidavit (see Jackson 50-Lee LP v Rahul Exclusive, Inc., 235 AD3d 730, 730-731; see also Rodriguez v 60 Graham, LLC, 173 AD3d 1095, 1095-1096). Accordingly, the court properly denied Stone's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction due to improper service.
"A party may amend his [or her] pleading once without leave of court within twenty days after its service, or at any time before the period for responding to it expires, or within twenty days after service of a pleading responding to it" (CPLR 3025[a]). In addition, once that window to amend without leave is closed, "[a] party may amend his or her pleading, or supplement it . . . , at any time by leave of court or by stipulation of all parties. Leave shall be freely given upon such terms as may be just" (id. § 3025[b]). "[M]ere lateness is not a barrier to the amendment. It must be lateness coupled with significant prejudice" to the opposing party (Toiny, LLC v Rahim, 214 AD3d 1023, 1024; see BAC Home Loans Servicing, L.P. v Jackson, 159 AD3d 861, 863). Here, the defendants interposed an amended answer, which asserted new counterclaims and affirmative defenses, including one alleging lack of personal jurisdiction, after the 20-day amendment-as-of-right period and without first obtaining leave of court or a stipulation. Under the circumstances, the Supreme Court providently exercised its discretion in denying that branch of the defendants' cross-motion which was for leave to serve the amended answer and/or, in the alternative, to compel the plaintiff to accept the defendants' amended answer (see Citimortgage, Inc. v Peralta, 200 AD3d 755, 755; see also Tavor v Lane Towers Owners, Inc., 197 AD3d 584, 586).
In an action to enforce a promissory note and guaranty, a plaintiff typically establishes its prima facie entitlement to judgment as a matter of law by submitting "evidence of the underlying note containing an unequivocal and unconditional obligation to repay, a guaranty, and the failure of the defendant to make payment in accordance with the terms of those instruments" (Maksoud v Iskhakov, 187 AD3d 1167, 1168; see Lira Holdings, LLC v IGE Group Corp., 235 AD3d 628, 629).
Here, the plaintiff established its prima facie entitlement to judgment as a matter of law by demonstrating the borrower's execution of the promissory note, Stone's execution of the guaranty, the borrower's receipt of the plaintiff's money, an unequivocal requirement of repayment by the maturity date unless timely notice of nonrenewal was given, and the defendants' default after the plaintiff properly notified the borrower of the loan's upcoming maturity (see Lira Holdings, LLC v IGE Group Corp., 235 AD3d at 629; see also Maksoud v Iskhakov, 187 AD3d at 1168). In opposition, the defendants failed to raise a triable issue of fact. Their contention that the plaintiff provided insufficient or improper notice is unavailing, since neither the promissory note nor the guaranty requires the specific form of notice the defendants contend was necessary, and no evidence in the record rebuts the plaintiff's showing that an emailed "Notice of Upcoming Maturity" was sufficient. Moreover, the defendants' contention that the maturity date was orally extended beyond March 16, 2022—up to March 2023—is barred by General Obligations Law § 5-701, absent a signed writing. The defendants' continued payments, standing alone, do not constitute "unequivocally referable" part performance that would create an exception to the requirements of the statute of frauds, as the promissory note explicitly allows the plaintiff to term-out the principal upon default, rendering such payments consistent with a standard post-default arrangement rather than an actual oral extension (Parker v Navarra, 102 AD3d 935, 936; see Hannigan v Hannigan, 104 AD3d 732, 736). Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the complaint and denied that branch of the defendants' cross-motion [*3]which was pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action.
GENOVESI, J.P., DOWLING, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court