■ SYLVIA TOYOS, as Executrix of MARIA H. CUEVAS, Deceased, et al., Respondents-Appellants, v CITY OF NEW YORK, Appellant-Respondent, et al., Defendants. [864 NYS2d 417]—

Judgment, Supreme Court, Bronx County (Larry S. Schachner, J.), entered on or about February 28, 2007, upon a jury verdict finding, inter alia, defendant City of New York 20% liable for plaintiffs' injuries, unanimously modified, on the law, to vacate the apportionment of fault for the injuries of plaintiff Avelino Toyos, the matter remanded for a new trial solely on that issue, and otherwise affirmed, without costs.

On a prior appeal in this action arising out of a motor vehicle accident, this Court affirmed the trial court's decision granting plaintiffs' motion to set aside the verdict and directing a new trial unless defendant City agreed to accept 15% of the responsibility for plaintiffs' injuries (304 AD2d 319 [2003]). We concluded that the evidence supported "the jury's finding that plaintiffs sustained their injuries in a collision caused in part by the City's negligent failure to provide turnouts or other places of refuge for disabled cars on the Harlem River Drive above

164th Street" (*id*. at 319). We further noted that "[f]ive years before the accident, the City had received a study recommending that shoulders be added to this section of the Harlem River Drive" (*id*.).

Following the retrial on the issue of liability, the jury apportioned 20% of the fault for the accident to the City, and the City now contends, in part, that plaintiffs failed to establish, prima facie, any liability on its part for their injuries. However, the evidence introduced during the retrial was essentially the same as that presented at the first trial, and this Court's determination that plaintiffs had established, prima facie, that their injuries were caused by, among other things, the fact that the City had not furnished any shoulders or other places for disabled cars to take refuge constitutes the law of the case (*see Matter of Pantelidis v New York City Bd. of Stds. & Appeals*, 43 AD3d 314 [2007], *affd* 10 NY3d 846 [2008]; *Combier v Anderson*, 34 AD3d 333, 334 [2006]). We further observe that ample evidence was adduced at the retrial showing that a dangerous condition had been created by the lack of a place of refuge at or near the area where the accident took place and that plaintiffs' injuries were caused, in part, by the City's negligent failure to provide said places of refuge for disabled cars on the Harlem River Drive above 164th Street.

Plaintiff Avelino Toyos was standing in the roadway when he was injured in the accident, and the jury determined that Toyos acted negligently in the incident. Nonetheless, over the City's objection, the court instructed the jury to determine whether Toyos's negligence was a substantial factor in causing the *accident*, rather than whether Toyos's negligence was a substantial factor in causing his *injuries*.* Even plaintiffs do not dispute that this was error. Accordingly, we are compelled to remand for a new trial to apportion fault for the causation of Toyos's injuries.

We have considered the City's remaining arguments, including those regarding the sufficiency of plaintiffs' notices of claim and that the testimony of plaintiffs' expert lacked a proper foundation, and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Saxe, Friedman and Acosta, JJ.

---

* Not surprisingly, the jury found that Toyos's negligence was not a factor in causing the accident.