■ Man Choi Chiu et al., Respondents-Appellants, v Winston Chiu et al., Appellants-Respondents. [890 NYS2d 78]—

In an action to cancel a deed and set aside a conveyance of real property and to recover damages for unjust enrichment, the defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Queens County (McDonald, J.), entered April 17, 2008, as amended April 18, 2008, as, upon an order of the same court dated December 14, 2007, awarded the plaintiffs an attorney's fee in the principal sum of $207,880, and the plaintiffs cross-appeal, on the ground of inadequacy, from so much of the same judgment, as amended, as awarded them an attorney's fee in the principal sum of only $207,880.

Ordered that the judgment, as amended, is modified, on the facts and in the exercise of discretion, by deleting the provision thereof awarding the plaintiffs an attorney's fee in the principal sum of $207,880, and substituting therefor a provision awarding the plaintiffs an attorney's fee in the principal sum of $199,077.17; as so modified, the judgment, as amended, is af-

firmed insofar as appealed and cross-appealed from, without costs or disbursements.

On a prior appeal in this action, this Court affirmed, inter alia, the Supreme Court's determination to award an attorney's fee to the plaintiffs (*see Man Choi Chiu v Chiu,* 38 AD3d 619 [2007]). Thus, the doctrine of the law of the case (*see People v Evans,* 94 NY2d 499, 502 [2000]) precludes consideration of whether the plaintiffs were properly awarded an attorney's fee (*see Matter of Pantelidis v New York City Bd. of Stds. & Appeals,* 43 AD3d 314 [2007], *affd* 10 NY3d 846 [2008]; *Toyos v City of New York,* 54 AD3d 628 [2008]; *Combier v Anderson,* 34 AD3d 333 [2006]).

As a general rule, we do not consider any issue raised on a subsequent appeal that was raised, or could have been raised, in an earlier appeal that was dismissed for lack of prosecution, although we have the inherent jurisdiction to do so (*see Rubeo v National Grange Mut. Ins. Co.,* 93 NY2d 750 [1999]; *Bray v Cox,* 38 NY2d 350 [1976]). Here, the defendants appealed from an order of the Supreme Court dated September 7, 2007, which, inter alia, denied their motion to cancel the hearing on the issue of the amount of attorney's fees to be awarded. That appeal was dismissed by decision and order on motion of this Court dated June 18, 2008, for failure to prosecute. We decline to exercise our discretion to determine the merits of that appeal on the instant appeal from the judgment, as amended (*see Bray v Cox,* 38 NY2d 350 [1976]; *Blue Chip Mtge. Corp. v Strumpf,* 50 AD3d 936, 937 [2008]).

The amount to be awarded as a reasonable attorney's fee is within the sound discretion of the Supreme Court based upon such factors as the time and labor required, the difficulty of the issues involved, the skill required to handle the matter, and the effectiveness of the legal work performed (*see Juste v New York City Tr. Auth.,* 5 AD3d 736 [2004]). Under the circumstances here, the attorney's fee award should be reduced from the principal sum of $207,880 to the principal sum of $199,077.17.

The parties' remaining contentions are either unpreserved for appellate review or without merit. Skelos, J.P., Covello, Leventhal and Roman, JJ., concur.

Motion by the respondents-appellants on an appeal and a cross appeal from a judgment of the Supreme Court, Queens County, entered April 17, 2008, as amended April 18, 2008, to strike stated portions of the appellants-respondents' brief and the joint record on appeal and cross-appeal. By decision and or-

der on motion of this Court dated December 5, 2008, the motion was held in abeyance, and was referred to the Justices hearing the appeal and cross appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal and cross appeal, it is

Ordered that the motion is denied in light of our determination of the appeal and cross appeal. Skelos, J.P., Covello, Leventhal and Roman, JJ., concur.