■ PORTER STALLINGS et al., Appellants, v CITY OF NEW YORK et al., Respondents. [917 NYS2d 899]—

"As a general rule, we do not consider any issue raised on a subsequent appeal that was raised, or could have been raised, in an earlier appeal that was dismissed for lack of prosecution, although we have the inherent jurisdiction to do so" (*Man Choi Chiu v Chiu,* 67 AD3d 975, 976 [2009]; *see Rubeo v National Grange Mut. Ins. Co.,* 93 NY2d 750 [1999]; *Bray v Cox,* 38 NY2d 350 [1976]). The plaintiffs appealed from the underlying order of the Supreme Court, Richmond County, dated March 17, 2009, which, inter alia, granted that branch of the motion of the defendant City of New York which was for summary judgment dismissing the complaint insofar as asserted against it, and the separate motion of the defendant Petrocelli Electric Co., Inc. (hereinafter Petrocelli), for the same relief. That appeal was dismissed by decision and order on motion of this Court dated February 19, 2010, for failure to prosecute. We decline to exercise our discretion to determine any issues which could have been raised on the prior appeal (*see Bray v Cox,* 38 NY2d 350 [1976]; *Man Choi Chiu v Chiu,* 67 AD3d at 976).

In support of their motion for leave to renew their opposition to that branch of the City's motion which was for summary judgment dismissing the complaint insofar as asserted against it, and Petrocelli's separate motion for the same relief, the plaintiffs were required to proffer either new facts which were unavailable at the time of the prior motions or a reasonable justification for the failure to have presented such facts on the

prior motions (*see* CPLR 2221 [e]; *Deutsche Bank Natl. Trust Co. v Matheson*, 77 AD3d 883, 884 [2010], *lv denied* 16 NY3d 702 [2011]; *Reshevsky v United Water N.Y., Inc.*, 46 AD3d 532, 533 [2007]). Given the limited review, we affirm the denial of the plaintiffs' motion for leave to renew on the ground that they failed to offer new facts which were unavailable at the time of the original motions or to provide a reasonable justification for failing to present such facts in their opposition to the original motions. Accordingly, the Supreme Court properly denied the plaintiffs' motion for leave to renew.

In light of our determination, we need not reach the defendants' remaining contentions. Dillon, J.P., Dickerson, Hall and Roman, JJ., concur.