Amtrust-NP SFR Venture, LLC v Thompson (2020 NY Slip Op 01893)





Amtrust-NP SFR Venture, LLC v Thompson


2020 NY Slip Op 01893


Decided on March 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
VALERIE BRATHWAITE NELSON, JJ.


2017-01813 
2018-00098
 (Index No. 705424/13)

[*1]Amtrust-NP SFR Venture, LLC, appellant,
v
Sylvia Thompson et al., defendants, Mary Harris, respondent.


Shapiro, DiCaro & Barak, LLC (Solomon & Siris, P.C., Garden City, NY [Bill Tsevis and Austin Shufelt], of counsel), for appellant.
Dianne O. Woodburn, Rego Park, NY (Robert J. Seewald and Donna Dougherty of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage or, in the alternative, to foreclose an equitable lien, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Diccia T. Pineda-Kirwan, J.), entered January 5, 2017, and (2) an order of the same court entered October 17, 2017. The order entered January 5, 2017, denied the plaintiff's motion for summary judgment on its alternative cause of action seeking to foreclose an equitable lien. The order entered October 17, 2017, insofar as appealed from, denied that branch of the plaintiff's motion which was pursuant to CPLR 2221(a) for leave to renew its prior motion for summary judgment.
ORDERED that the order entered January 5, 2017, is affirmed; and it is further,
ORDERED that the order entered October 17, 2017, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant Mary Harris.
In 1970, the defendant Mary Harris acquired certain property in Jamaica, Queens (hereinafter the property). As of October 2005, the property was encumbered by two mortgages that Harris had given to Emigrant Mortgage Company, Inc. (hereinafter the Emigrant mortgages). On October 31, 2005, Harris conveyed the property to Jason Leslie, who financed his purchase with two loans of $252,800 and $47,250 from the AmTrust Bank (hereinafter AmTrust), each secured by a mortgage on the property (hereinafter together the Leslie mortgages). At the closing, proceeds totaling $190,817.39 were allocated to satisfy the Emigrant mortgages.
On October 30, 2006, Leslie conveyed the property to Sylvia Thompson, who financed the purchase with a loan of $375,000 from AmTrust, secured by a mortgage on the subject property (hereinafter the Thompson mortgage). Part of the proceeds were used to satisfy the Leslie mortgages. After Thompson defaulted on her monthly payments, AmTrust commenced an action to foreclose the Thompson mortgage (hereinafter the first foreclosure action) and, on January 7, 2008, AmTrust obtained a judgment of foreclosure and sale.
In 2008, after learning of the existence of the judgment of foreclosure and sale, Harris commenced a separate action against Thompson, Leslie, AmTrust, and others (hereinafter the action to quiet title) seeking, inter alia, a judgment declaring that the Leslie and Thompson deeds and related mortgages were void, and that she was the sole owner of the property. She alleged, inter alia, that Leslie, Thompson, and others had acted together to fraudulently procure Harris's deed to Leslie by misrepresenting that Harris was simply refinancing the Emigrant mortgages, when, in fact, she was conveying the property to Leslie. AmTrust asserted various counterclaims in the action to quiet title, including to seek the imposition of an equitable lien on the property in the amount of the proceeds of the Leslie loans that were allocated to satisfy the Emigrant mortgages and other liens on the property. By order dated September 10, 2009, in the action to quiet title, the Supreme Court granted Harris's motion for a preliminary injunction against AmTrust's efforts to enforce the judgment of foreclosure and sale previously obtained in the first foreclosure action. By order dated December 9, 2011, in the first foreclosure action, the judgment of foreclosure and sale was vacated and set aside, and the first foreclosure action was voluntarily discontinued.
In November 2011, AmTrust moved, in the action to quiet title, for summary judgment on its various counterclaims. The Supreme Court denied that motion by order entered August 14, 2012, and AmTrust appealed to this Court.
While AmTrust's appeal was still pending, counsel for AmTrust and Harris entered into a stipulation to make clear that "the commencement of a new action to foreclose the subject mortgage does not violate the [p]reliminary [i]njunction" previously entered by the Supreme Court. The stated reason for the stipulation was "to toll the running of the statute of limitations" by allowing "the holder of the [Thompson] mortgage . . . to commence on or prior to November 22, 2013 a new action to foreclos[e] the [Thompson] mortgage." Moreover, the stipulation made clear that Harris's time to appear in the new action would be extended "until (20) days after there has been a final determination of her claims in [the action to quiet title] or a final determination of AmTrust's counterclaims for a declaration establishing an equitable first mortgage lien on the subject premises, whichever is earlier" (emphasis added).
The plaintiff, as AmTrust's successor in interest, thereafter commenced this action in November 2013 against Thompson, Harris, and others to foreclose the Thompson mortgage or, in the alternative, to foreclose the equitable lien.
By decision and order dated May 14, 2014, this Court, upon the appeal of the August 14, 2012, order in the action to quiet title, modified the order appealed from by granting AmTrust's motion, but only to the extent of imposing an equitable lien in favor of AmTrust against the property in the amount of the Emigrant mortgages, both of which were satisfied by AmTrust when the property was transferred to Leslie (see Harris v Thompson, 117 AD3d 791). However, this Court found triable issues of fact with respect to the remainder of AmTrust's motion for summary judgment on its various counterclaims in the action to quiet title—including, inter alia, whether AmTrust was entitled to an equitable lien with respect to any amounts above and beyond those that were allocated to satisfy the Emigrant mortgages (see id. at 794).
While the action to quiet title remained pending, but subsequent to this Court's decision and order dated May 14, 2014, the plaintiff moved, in this action, for summary judgment on its alternative cause of action seeking to foreclose the equitable lien. Harris opposed, arguing, in effect, that the motion was premature so long as Harris's rights with respect to the property remained undecided in the pending action to quiet title, and the preliminary injunction issued September 10, 2009, in that action remained in effect. In an order entered January 5, 2017, the Supreme Court denied the motion. The plaintiff thereafter moved, inter alia, for leave to renew its motion for summary judgment, and the Supreme Court denied that motion in an order entered October 17, 2017. The plaintiff appeals from both orders.
Contrary to the plaintiff's contention, the November 20, 2013, stipulation entered into between AmTrust and Harris in the action to quiet title merely allowed AmTrust to commence this action without violating the terms of the September 10, 2009, preliminary injunction. We do not read the stipulation as authorizing AmTrust or its successors to prosecute this action to [*2]foreclosure—whether on the basis of the Thompson mortgage or on the alternative basis of an equitable lien, so long as the respective rights of Harris and AmTrust remain pending and unresolved in the parallel action to quiet title. Indeed, as Harris persuasively argues, allowing the plaintiff to foreclose the equitable lien at this juncture could render an eventual judgment in the action to quiet title ineffectual—thereby defeating the very purpose for which the September 10, 2009, preliminary injunction was imposed (see Deutsch v Grunwald, 165 AD3d 1035, 1037; Arcamone-Makinano v Britton Prop., Inc., 83 AD3d 623). Accordingly, we agree with the Supreme Court's determination to deny the plaintiff's motion for summary judgment on its alternative cause of action to foreclose the equitable lien.
We agree with the Supreme Court's denial of that branch of the plaintiff's subsequent motion which was for leave to renew its prior motion for summary judgment. Even if the plaintiff presented a reasonable justification for its failure to present the new facts on its prior motion, the new facts would not change the prior determination (see CPLR 2221[e][2]; Young Soo Choi v Castelli, 112 AD3d 816, 817).
RIVERA, J.P., CHAMBERS, ROMAN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court