Seegopaul v MTA Bus Co. (2022 NY Slip Op 06152)

Seegopaul v MTA Bus Co.

2022 NY Slip Op 06152

Decided on November 2, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
LILLIAN WAN, JJ.

2019-09937
 (Index No. 710920/15)

[*1]Shamila Seegopaul, appellant, 
v
MTA Bus Company, et al., respondents.

Scott Baron & Associates, P.C., Howard Beach, NY, for appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Joseph Risi, J.), entered July 30, 2019. The order denied the plaintiff's motion for leave to renew her opposition to the defendants' motion for summary judgment dismissing the complaint, which had been granted in an order of the same court dated September 10, 2018.
ORDERED that the order entered July 30, 2019, is affirmed, without costs or disbursements.
The plaintiff allegedly was injured while riding a New York City bus driven by an employee of the New York City Transit Authority. The bus driver stopped the bus abruptly, causing the plaintiff to slide off her seat, resulting in injuries. The Supreme Court granted the defendants' motion for summary judgment dismissing the complaint. The plaintiff thereafter moved for leave to renew her opposition to the defendants' motion for summary judgment. In an order entered July 30, 2019, the court denied the plaintiff's motion. The plaintiff appeals.
As a general rule, we do not consider any issue raised on a subsequent appeal that was raised, or could have been raised, in an earlier appeal that was dismissed for lack of prosecution, although we have the inherent jurisdiction to do so (see Rubeo v National Grange Mut. Ins. Co., 93 NY2d 750). The plaintiff previously appealed from an order dated September 10, 2018, granting the defendants' motion for summary judgment dismissing the complaint, and that appeal was deemed dismissed for failure to prosecute. We decline to exercise our discretion to determine any issues which could have been raised on the prior appeal (see Bray v Cox, 38 NY2d 350, 354; Stallings v City of New York, 82 AD3d 745, 745; Man Choi Chiu v Chiu, 67 AD3d 975, 976).
The Supreme Court did not improvidently exercise its discretion in denying the plaintiff's motion for leave to renew. A motion for leave to renew shall be based upon new facts not offered on the prior motion that would change the prior determination (see CPLR 2221[e][2]) and shall contain reasonable justification for the failure to present such facts on the prior motion (see id. § 2221[e][3]). While it may be within the court's discretion to grant leave to renew upon facts known to the moving party at the time of the prior motion, a motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation. Thus, the court lacks discretion to grant renewal where the moving party omits a reasonable justification for failing to present the new facts on the original motion (see Makropoulos [*2]v City of New York, 187 AD3d 885, 888; Dupree v Westchester County Health Care Corp., 164 AD3d 1211, 1214; Caraballo v Kim, 63 AD3d 976, 978-979). While law office failure can be accepted as a reasonable excuse in the exercise of the court's sound discretion, the movant must submit supporting facts to explain and justify the failure, and mere neglect is not accepted as a reasonable excuse (see Lanzillo v 4 World Trade Ctr., LLC, 195 AD3d 907, 909; Assevero v Rihan, 144 AD3d 1061, 1063; Morrison v Rosenberg, 278 AD2d 392). Here, the plaintiff's counsel's explanation amounts to mere neglect and is not a reasonable justification for failing to present the alleged new facts on the prior motion (see Assevero v Rihan, 144 AD3d at 1063; Cole-Hatchard v Grand Union, 270 AD2d 447, 447).
Furthermore, even if the plaintiff did have a reasonable justification for the failure to submit the alleged new facts on the prior motion, she failed to demonstrate that the new facts would have changed the prior determination (see Amtrust-NP SFR Venture, LLC v Thompson, 181 AD3d 762, 765; Carmike Holding I, LLC v Smith, 180 AD3d 744, 747; Young Soo Chi v Castelli, 112 AD3d 816, 817).
Accordingly, the Supreme Court properly denied the plaintiff's motion for leave to renew.
CONNOLLY, J.P., CHRISTOPHER, WOOTEN and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court