Nunez v Yonkers Racing Corp. (2023 NY Slip Op 03700)

Nunez v Yonkers Racing Corp.

2023 NY Slip Op 03700

Decided on July 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
BETSY BARROS
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER, JJ.

2020-07527
 (Index No. 56201/18)

[*1]Felix Nunez, respondent, 
v
Yonkers Racing Corp., appellant, et al., defendant.

Bleakley Platt & Schmidt, LLP, White Plains, NY (Peter F. Harrington of counsel), for appellant.
Subin Associates, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Michael H. Zhu], of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for false arrest, the defendant Yonkers Racing Corp. appeals from an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated August 31, 2020. The order denied that defendant's motion for leave to renew those branches of its prior motion which were for summary judgment dismissing the causes of action alleging false arrest and negligent hiring, training, supervision, and retention insofar as asserted against it, which were denied in an order of the same court dated July 24, 2019.
ORDERED that the order dated August 31, 2020, is affirmed, with costs.
The plaintiff commenced this action against the defendant Yonkers Racing Corp. (hereinafter the defendant) and an unnamed security guard, alleging, inter alia, false arrest and negligent hiring, training, retention, and supervision. The plaintiff alleges, inter alia, that on January 30, 2014, a security officer employed by the defendant falsely arrested him while using excessive force causing him to sustain personal injuries. The defendant interposed an answer denying the material allegations in the complaint and asserting various affirmative defenses, but not an affirmative defense of justification based on probable cause.
The defendant moved for summary judgment dismissing the complaint insofar as asserted against it. In an order dated July 24, 2019, the Supreme Court, inter alia, denied those branches of the motion which were for summary judgment dismissing the causes of action alleging false arrest and negligent hiring, training, supervision, and retention insofar as asserted against it, noting that the defendant had failed to assert a defense of justification based on probable cause in its answer and could therefore not move on that ground. The defendant then moved for leave to amend its answer to include an affirmative defense of justification based on probable cause, which the court granted in an order dated January 23, 2020. Thereafter, the defendant moved for leave to renew those branches of its prior motion which were for summary judgment dismissing the causes of action alleging false arrest and negligent hiring, training, supervision, and retention insofar as asserted against it. By order dated August 31, 2020, the court denied the motion. The defendant appeals. We affirm.
A motion for leave to renew shall be based upon new facts not offered on the prior motion that would change the prior determination (see CPLR 2221[e][2]), and shall contain reasonable justification for the failure to present such facts on the prior motion (see id. § 2221[e][3]). A motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation (see Seegopaul v MTA Bus Co., 210 AD3d 715, 716; Dupree v Westchester County Health Care Corp., 164 AD3d 1211, 1214).
The defendant's contention that the order dated January 23, 2020, granting its motion for leave to amend its answer to assert an affirmative defense of justification based on probable cause constituted "new facts" within the meaning of CPLR 2221(e) is without merit. Indeed, the facts underlying that affirmative defense were available and known to the defendant when it made its first motion for summary judgment. The defendant merely failed to exercise due diligence by not timely asserting that affirmative defense before moving for summary judgment. Accordingly, the Supreme Court properly denied the defendant's motion for leave to renew.
LASALLE, P.J., BARROS, BRATHWAITE NELSON and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court