Ok Sun Chong v Scheelje (2023 NY Slip Op 03869)

Ok Sun Chong v Scheelje

2023 NY Slip Op 03869

Decided on July 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-06133
 (Index No. 709111/18)

[*1]Ok Sun Chong, appellant, 
v
Gunther Scheelje, respondent.

Law Offices of Andrew Park, P.C., New York, NY, for appellant.
Morris Duffy Alonso & Faley, New York, NY (Iryna S. Krauchanka and Kevin G. Faley of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Marguerite A. Grays, J.), dated August 5, 2020. The order denied the plaintiff's motion for leave to renew her opposition to that branch of the defendant's prior motion which was pursuant to CPLR 3126 to preclude the plaintiff from offering testimony at the time of trial, which had been granted in an order of the same court dated January 28, 2020.
ORDERED that the order dated August 5, 2020, is affirmed, with costs.
The plaintiff pedestrian allegedly was struck by a vehicle operated by the defendant at or near the intersection of Roosevelt Avenue and Parsons Boulevard in Queens County. Thereafter, the plaintiff commenced this action against the defendant. The defendant filed an answer. The defendant moved pursuant to CPLR 3126 to dismiss the complaint for the plaintiff's continued failure to appear for a deposition or, in the alternative, to preclude the plaintiff from offering testimony at the time of trial. In an order dated January 28, 2020, the Supreme Court granted that branch of the defendant's motion which was to preclude the plaintiff from offering testimony at the time of trial. The plaintiff moved for leave to renew her opposition to that branch of the defendant's prior motion. In an order dated August 5, 2020, the court denied the plaintiff's motion for leave to renew. The plaintiff appeals.
A motion for leave to renew shall be based upon new facts not offered on the prior motion that would change the prior determination (see CPLR 2221[e][2]) and shall contain reasonable justification for the failure to present such facts on the prior motion (see id. § 2221[e][3]). "The new or additional facts either must have not been known to the party seeking renewal or may, in the Supreme Court's discretion, be based on facts known to the party seeking renewal at the time of the original motion" (Carmike Holding I, LLC v Smith, 180 AD3d 744, 747 [internal quotation marks omitted]). "While it may be within the court's discretion to grant leave to renew upon facts known to the moving party at the time of the prior motion, a motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation. Thus, the court lacks discretion to grant renewal where the moving party omits a reasonable justification for failing to present the new facts on the original motion" (Seegopaul v MTA Bus Co., 210 AD3d 715, 716; see Dupree v Westchester County Health Care Corp., 164 AD3d [*2]1211, 1214). Although law office failure can be accepted as a reasonable excuse in the exercise of the court's sound discretion, the movant must submit supporting facts to explain and justify the failure, and mere neglect is not accepted as a reasonable excuse (see Lanzillo v 4 World Trade Ctr., LLC, 195 AD3d 907, 909; Assevero v Rihan, 144 AD3d 1061, 1063).
Here, the Supreme Court providently exercised its discretion in denying the plaintiff's motion for leave to renew her opposition to that branch of the defendant's prior motion which was to preclude her from offering testimony at the time of trial. The plaintiff failed to provide a reasonable excuse for failing to submit her affidavit on her underlying opposition papers (see generally Seegopaul v MTA Bus Co., 210 AD3d 715; Sepulveda v 101 Woodruff Ave. Owner, LLC, 166 AD3d 835, 836; Yong Soon Oh v Hua Jin, 124 AD3d 639, 640). With respect to the remaining document submitted to support her motion for leave to renew, the plaintiff failed to demonstrate that the new fact contained in the document would have changed the prior determination (see Seegopaul v MTA Bus Co., 210 AD3d 715).
Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's motion for leave to renew.
DILLON, J.P., MALTESE, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court