Sutton v Syla (2024 NY Slip Op 00204)

Sutton v Syla

2024 NY Slip Op 00204

Decided on January 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2022-02886
 (Index No. 67935/19)

[*1]Leon Sutton, etc., respondent,
v
Shkelzen Syla, etc., et al., appellants.

Shkelzen Syla and Farije Syla, Scarsdale, NY, appellants pro se.
Jeffrey W. Gasbarro, Croton-on-Hudson, NY, for respondent.

DECISION & ORDER
In an action to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated October 4, 2021. The order denied the defendants' motion, denominated as one for leave to renew but which was, in actuality, one for leave to renew and reargue their prior motion for leave to renew and reargue their motion pursuant to CPLR 5015 to vacate a judgment of the same court entered June 25, 2020, upon their failure to appear or answer the complaint, which prior motion for leave to renew and reargue had been denied in an order of the same court dated October 26, 2020.
ORDERED that the appeal from so much of the order dated October 4, 2021, as denied that branch of the defendants' motion which was, in actuality, one for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order dated October 4, 2021, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the respondent.
The plaintiff commenced this action in 2019, alleging that the defendants failed to pay agreed-upon rent payments pursuant to a written lease agreement. The defendants did not appear or answer the complaint, and the Supreme Court entered a default judgment in favor of the plaintiff and against them on June 25, 2020.
The defendants, acting pro se, moved to vacate the default judgment, claiming that they were not properly served with process. The defendant Shkelzen Syla submitted an affidavit averring, inter alia, that his wife, the defendant Farije Syla, could not have been served because she had been working outside of the home on the alleged date and time of service. In an order dated September 2, 2020, the Supreme Court denied the motion on the ground that the defendants failed to rebut the presumption of proper service.
Thereafter, the defendants, through counsel, moved for leave to renew and reargue their prior motion to vacate the default judgment. In support of this motion, the defendants alleged that they had a reasonable excuse for their default based upon a prior landlord and tenant litigation, [*2]and claimed that the final judgment in the landlord and tenant proceeding precluded the plaintiff's claims in this action. In an order dated October 26, 2020, the Supreme Court denied the defendants' motion, determining that they failed to offer new facts not offered in the original motion which would change the prior determination, and failed to demonstrate that the court overlooked or misapplied the facts or a controlling principle of law. The court also noted that the motion was, once again, unsupported by an affidavit of Farije Syla denying proper service.
The defendants then made an additional motion, denominated as one for leave to renew but which was, in actuality, one for leave to renew and reargue their prior motion for leave to renew and reargue their motion to vacate the default judgment. This motion included an affidavit from Farije Syla in which, among other things, she claimed that she was not properly served. The defendants argued that they had not known that this affidavit was needed for their pro se motion to vacate the default judgment, and that the affidavit was omitted in their prior motion for leave to renew and reargue due to law office failure. The defendants also contended that they had a reasonable justification for their default and that the action was precluded by the doctrine of res judicata, based upon the prior landlord and tenant litigation.
In an order dated October 4, 2021, the Supreme Court denied the defendants' motion. The defendants appeal.
"The courts are not bound by the label appended to the motion by a party, and can designate a motion for renewal as one for reargument if it presents neither new facts nor a change in the law" (Coke-Holmes v Holsey Holdings, LLC, 189 AD3d 1162, 1163). Here, while the defendants labeled their motion as one for leave to renew, only the argument that the parties were improperly served was based upon new information set forth in Farije Syla's affidavit. Accordingly, the appeal from so much of the order as denied those branches of the defendants' motion which raised the issues of excusable default and res judicata due to the prior landlord and tenant litigation must be dismissed, as those branches of the motion were, in actuality, for leave to reargue, the denial of which is not appealable (see US Bank, N.A. v Rufai, 202 AD3d 719, 721).
"A motion for leave to renew must be based upon new facts not offered on the prior motion which would change the prior determination, and must contain a reasonable justification for the failure to present such facts on the prior motion" (Jaspar Holdings, LLC v Gotham Trading Partners #1, LLC, 186 AD3d 582, 584-585; see CPLR 2221). "While it may be within the court's discretion to grant leave to renew upon facts known to the moving party at the time of the prior motion, a motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (Seegopaul v MTA Bus Co., 210 AD3d 715, 716). "When no reasonable justification is given for failing to present new facts on the prior motion, the Supreme Court lacks discretion to grant renewal" (Zelouf Intl. Corp. v Rivercity, LLC, 123 AD3d 1116, 1116).
"Although a court has the discretion to accept law office failure as a reasonable excuse, a conclusory, undetailed . . . and uncorroborated claim of law office failure does not amount to a reasonable excuse" (Bank of N.Y. Mellon Trust Co., N.A. v Talukder, 176 AD3d 772, 774 [internal quotation marks omitted]). Here, the defendants' claims of law office failure were conclusory and unsubstantiated, and failed to constitute a reasonable excuse (see New Penn Fin., LLC v Rubin, 207 AD3d 730, 732). Further, the defendants' claims amount to mere neglect by their former counsel, which is not a reasonable justification for failing to present alleged new facts on the prior motion (see Seegopaul v MTA Bus Co., 210 AD3d at 716).
Furthermore, even if the defendants did have a reasonable justification for the failure to submit the alleged new facts on the prior motion, they failed to demonstrate that the new facts would have changed the prior determination (id.).
Accordingly, we affirm the order dated October 4, 2021, insofar as reviewed.
DUFFY, J.P., FORD, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court