MD Aminul Islam v New York City Health & Hosps. Corp. (2024 NY Slip Op 00896)

MD Aminul Islam v New York City Health & Hosps. Corp.

2024 NY Slip Op 00896

Decided on February 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LILLIAN WAN, JJ.

2021-05673
 (Index No. 707269/15)

[*1]MD Aminul Islam, etc., appellant,
v
New York City Health & Hospitals Corporation, respondent.

John J. Ciafone, Astoria, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Deborah A. Brenner, Kevin Osowski, and Chase Mechanick of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered July 7, 2021. The order denied the plaintiff's motion, in effect, for leave to reargue or renew his prior motion to vacate the dismissal of the action pursuant to 22 NYCRR 202.27, which was denied in an order of the same court entered January 29, 2021.
ORDERED that the appeal from so much of the order entered July 7, 2021, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order entered July 7, 2021, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
In 2015, the plaintiff commenced this action, inter alia, to recover damages for medical malpractice. In January 2019, the motion of the plaintiff's former counsel to be relieved was granted and the action was stayed until March 8, 2019, to allow the plaintiff to retain new counsel. Although the plaintiff retained new counsel in January 2019, new counsel did not file a notice of appearance until April of that year. Meanwhile, on March 21, 2019, the action was dismissed pursuant to 22 NYCRR 202.27 when neither the plaintiff nor his counsel appeared at a scheduled conference.
In September 2020, the plaintiff moved to vacate the dismissal of the action, which motion was denied by order entered January 29, 2021. The plaintiff thereafter moved, inter alia, in effect, for leave to renew his motion to vacate. By order entered July 7, 2021, the Supreme Court, among other things, denied that branch of the plaintiff's motion. The plaintiff appeals from the July 7, 2021 order.
A motion for leave to renew "shall be based upon new facts not offered on the prior [*2]motion that would change the prior determination" (CPLR 2221[e][2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (id. § 2221[e][3]). "[A] motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (Seegopaul v MTA Bus Co., 210 AD3d 715, 716). Thus, while the Supreme Court has discretion to consider additional facts that were known to the movant at the time of the original motion, it may only do so when the movant presents a reasonable justification for the failure to submit the additional facts on the initial motion (see id. at 716; DiMattina v Cascardo, 147 AD3d 906, 908).
Here, the additional facts presented in the motion to renew were all facts that were known to the plaintiff at the time of the original motion. Yet, the plaintiff did not offer any justification for the failure to present these facts on the original motion (see Wilmington Sav. Fund Socy. FSB v Khandaker, 217 AD3d 729, 730). Moreover, even had such reasonable justification been offered, the additional facts would not have changed the prior determination, as the additional facts did not serve to demonstrate that the plaintiff had a reasonable excuse for his failure to appear at the March 21, 2019 conference (see Halvatzis v Perrone, 199 AD3d 788; Ogunmoyin v 1515 Broadway Fee Owner, LLC, 85 AD3d 991, 992).
In light of the foregoing, the plaintiff's remaining contention need not be addressed.
Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was, in effect, for leave to renew his prior motion to vacate the dismissal of the action (see Seegopaul v MTA Bus Co., 210 AD3d at 716-717).
IANNACCI, J.P., WOOTEN, VOUTSINAS and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court