Caracciolo v SHS Ralph, LLC (2024 NY Slip Op 02037)

Caracciolo v SHS Ralph, LLC

2024 NY Slip Op 02037

Decided on April 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2021-02214
 (Index No. 512132/16)

[*1]Richard Caracciolo, plaintiff, 
v
SHS Ralph, LLC, defendant third-party plaintiff-appellant, et al., defendants; Thyssenkrupp Elevator Corporation, third-party defendant-respondent.

Smith Mazure, P.C., New York, NY (Howard K. Fishman and Joel M. Simon of counsel), for defendant third-party plaintiff-appellant.
Kaufman Dolowich Voluck, LLP, White Plains, NY (Melissa Cartaya, Matthew C. Mann, Bruce M. Young, Michael V. DeSantis, and Jorja Carr of counsel), for third-party defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant third-party plaintiff appeals from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated December 17, 2020. The order, insofar as appealed from, denied that branch of the defendant third-party plaintiff's motion which was for leave to renew that branch of its prior cross-motion which was for summary judgment on the third-party cause of action for contractual indemnification, which had been denied in an order of the same court dated June 11, 2019.
ORDERED that the order dated December 17, 2020, is affirmed insofar as appealed from, with costs.
The factual background related to this appeal is set forth more fully in our decision and order on a related appeal (see Caracciolo v SHS Ralph, LLC, ___ AD3d ___ [Appellate Division Docket No. 2019-08580; decided herewith]). The defendant third-party plaintiff, SHS Ralph, LLC (hereinafter SHS Ralph), appeals from so much of an order as denied that branch of its motion which was for leave to renew that branch of its prior cross-motion which was for summary judgment on the third-party cause of action for contractual indemnification, which had been denied in a prior order.
The Supreme Court providently exercised its discretion in denying that branch of the motion which was for leave to renew. A motion for leave to renew must be based on new facts not offered on the prior motion that would change the prior determination (see CPLR 2221[e][2]) and must contain reasonable justification for the failure to present such facts on the prior motion (see id. § 2221[e][3]). Here, SHS Ralph failed to demonstrate that the new facts would have changed the prior determination (see Ok Sun Chong v Scheelje, 218 AD3d 691; Seegopaul v MTA Bus Co., 210 AD3d 715).
Accordingly, we affirm the order insofar as appealed from.
DILLON, J.P., CHRISTOPHER, GENOVESI and WARHIT, JJ., concur.

2021-02214 DECISION & ORDER ON MOTION
Richard Caracciolo, plaintiff, v SHS Ralph, LLC,
defendant third-party plaintiff-appellant,
et al., defendants; Thyssenkrupp Elevator Corporation,
third-party defendant-respondent.
(Index No. 512132/16)

Appeal from an order of the Supreme Court, Kings County, dated December 17, 2020. Cross-motion by the third-party defendant, inter alia, to dismiss the appeal on the ground that no appeal lies from an order denying reargument. By decision and order on motion of this Court dated June 25, 2021, that branch of the cross-motion which is to dismiss the appeal was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the cross-motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the branch of the cross-motion which is to dismiss the appeal on the ground that no appeal lies from an order denying reargument is denied.
DILLON, J.P., CHRISTOPHER, GENOVESI and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court