Mees v Sweeney Bldg. (2025 NY Slip Op 04779)

Mees v Sweeney Bldg.

2025 NY Slip Op 04779

Decided on August 27, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2021-05348
 (Index No. 508420/17)

[*1]Heleen Mees, etc., appellant, 
v
Sweeney Building, etc., respondent.

Heleen Mees, Brooklyn, NY, appellant pro se.
Abrams Garfinkel Margolis & Bergson, LLP, New York, NY (Alexander Rabinowitz and Barry G. Margolis of counsel), for respondent.

DECISION & ORDER
In a consolidated action, inter alia, for declaratory and injunctive relief, the plaintiff appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated July 1, 2021. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for leave to renew her prior motion for leave to amend the complaint, which had been denied in an order of the same court dated November 9, 2020.
ORDERED that the order dated July 1, 2021, is affirmed insofar as appealed from, with costs.
In this consolidated action, inter alia, for declaratory and injunctive relief, the plaintiff moved for leave to amend the complaint. In an order dated November 9, 2020, the Supreme Court denied the motion. The plaintiff thereafter moved, among other things, for leave to renew her prior motion for leave to amend the complaint. The defendant opposed the motion. In an order dated July 1, 2021, the court, inter alia, denied that branch of the motion. The plaintiff appeals.
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][2], [3]; see P.J. 37 Food Corp. v George Doulaveris & Son, Inc., 189 AD3d 858, 859). "While it may be within the court's discretion to grant leave to renew upon facts known to the moving party at the time of the prior motion, a motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (Seegopaul v MTA Bus Co., 210 AD3d 715, 716; see Sutton v Syla, 223 AD3d 764, 766). "When no reasonable justification is given for failing to present new facts on the prior motion, the Supreme Court lacks discretion to grant renewal" (25 Bay Terrace Assoc., L.P. v Public Serv. Mut. Ins. Co., 194 AD3d 668, 674 [internal quotation marks omitted]; see Groman v Fleyshmakher, 221 AD3d 789, 790).
Here, the plaintiff presented additional facts known to her at the time of the prior motion for leave to amend the complaint without demonstrating a reasonable justification for failing to present them on the prior motion (see U.S. Bank N.A. v Mallouk, 229 AD3d 832, 833). In any event, even assuming the plaintiff did have a reasonable justification for the failure to submit the [*2]additional facts on the prior motion, she failed to demonstrate that the additional facts would have changed the prior determination (see Sutton v Syla, 223 AD3d at 766-767; Seegopaul v MTA Bus Co., 210 AD3d at 716).
Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for leave to renew her prior motion for leave to amend the complaint.
DUFFY, J.P., BRATHWAITE NELSON, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court