Wilmington Trust, N.A. v Pacific St. Servs., Inc. (2026 NY Slip Op 00542)

Wilmington Trust, N.A. v Pacific St. Servs., Inc.

2026 NY Slip Op 00542

Decided on February 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2024-04744
 (Index No. 516344/19)

[*1]Wilmington Trust, National Association, etc., appellant, 
vPacific Street Services, Inc., et al., defendants, 55 Chester, LLC, respondent.

Friedman Vartolo LLP, Garden City, NY (Stephen J. Vargas of counsel), for appellant.
The David R. Smith Law Group PLLC, New York, NY, for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Derefim B. Neckles, J.), dated May 13, 2024. The order (1) denied the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, (2) granted the cross-motion of the defendant 55 Chester, LLC, for leave to renew its opposition to those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike that defendant's affirmative defenses and counterclaims, and for an order of reference, which had been granted in an order of the same court (Mark I. Partnow, J.) dated July 1, 2022, and, upon renewal, to deny those branches of the plaintiff's prior motion and to award that defendant summary judgment dismissing the complaint insofar as asserted against it, and, (3) upon renewal, in effect, vacated so much of the order dated July 1, 2022, as granted those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike that defendant's affirmative defenses and counterclaims, and for an order of reference, and appointed a referee to ascertain and compute the amount due on the mortgage loan, and thereupon, denied those branches of the plaintiff's prior motion and awarded that defendant summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order dated May 13, 2024, is reversed, on the law, with costs, the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale is granted, the cross-motion of the defendant 55 Chester, LLC, for leave to renew its opposition to those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike that defendant's affirmative defenses and counterclaims, and for an order of reference, and, upon renewal, to deny those branches of the plaintiff's prior motion and to award that defendant summary judgment dismissing the complaint insofar as asserted against it is denied, and so much of the order dated July 1, 2022, as granted those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike that defendant's affirmative defenses and counterclaims, and for an order of reference, and appointed a referee to ascertain and compute the amount due on the mortgage loan is reinstated.
The underlying facts of this appeal are set forth in a decision and order on a related [*2]appeal affirming so much of an order of the Supreme Court dated July 1, 2022 (hereinafter the July 2022 order), as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant 55 Chester, LLC (hereinafter the defendant), to strike the defendant's affirmative defenses and counterclaims, and for an order of reference, and appointed a referee to ascertain and compute the amount due on the mortgage loan (see Wilmington Trust, N.A. v Pacific St. Servs., Inc., _____ AD3d _____ [Appellate Division Docket No. 2022-08096; decided herewith]).
Following the July 2022 order, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendant opposed and cross-moved for leave to renew its opposition to those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's affirmative defenses and counterclaims, and for an order of reference, and, upon renewal, to deny those branches of the plaintiff's prior motion and to award the defendant summary judgment dismissing the complaint insofar as asserted against it as time-barred. The defendant contended, inter alia, that renewal was warranted based upon the enactment of the Foreclosure Abuse Prevention Act (FAPA) (L 2022, ch 821 [eff Dec. 30, 2022]), including CPLR 205-a, which provides that a plaintiff is not entitled to the benefit of the savings provision of CPLR 205(a) for purposes of commencing an action to foreclose a mortgage after the six-year limitations period has run. By order dated May 13, 2024, the Supreme Court denied the plaintiff's motion, granted the defendant's cross-motion, and, upon renewal, in effect, vacated so much of the July 2022 order as granted those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's affirmative defenses and counterclaims, and for an order of reference, and appointed a referee to ascertain and compute the amount due on the mortgage loan, and thereupon, denied those branches of the plaintiff's prior motion and awarded the defendant summary judgment dismissing the complaint insofar as asserted against it. The plaintiff appeals. We reverse.
On its cross-motion for leave to renew, the defendant was required to demonstrate that there had been a change in the law that would change the prior determination (see id. § 2221[e][2]; U.S. Bank N.A. v Hall-Davis, 232 AD3d 696, 697; Pryce v Nationstar Mtge., LLC, 224 AD3d 857, 858).
Here, the Supreme Court should have denied the defendant's cross-motion for leave to renew, as the enactment of FAPA, including CPLR 205-a, had no effect on the determination in the July 2022 order. The July 2022 order properly granted those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against the defendant and to strike the defendant's counterclaims and affirmative defenses, as the plaintiff established its prima facie entitlement to judgment as a matter of law, the six-year limitations period (see id. § 213[4]) had not expired when this action was commenced, and the defendant did not raise a triable issue of fact in opposition (see Wilmington Trust, N.A. v Pacific St. Servs., Inc., _____ AD3d _____ [Appellate Division Docket No. 2022-08096]).
Likewise, since the savings provisions of CPLR 205(a) and 205-a are inapplicable to the determination in the July 2022 order, FAPA's change to the savings provision does not affect the determination in the July 2022 order, and thus, the enactment of that provision of FAPA did not provide a basis for the defendant to renew its opposition (see id. § 2221[e][2]; Amtrust-NP SFR Venture, LLC v Thompson, 181 AD3d 762, 765).
Contrary to the defendant's contention, the operative date for determining whether a claim was interposed within the limitations period is the date of commencement; an action is commenced upon the filing of the summons and complaint, not service thereof (see CPLR 203[c]; 304[a]; HSBC Bank USA, N.A. v Francis, 214 AD3d 58, 61).
Accordingly, the Supreme Court should have denied the defendant's cross-motion, inter alia, for leave to renew its opposition to those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against the defendant and to strike [*3]the defendant's affirmative defenses and counterclaims.
The Supreme Court also should have granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale. The report of a referee should be confirmed whenever the findings are substantially supported by the record and the referee has clearly defined the issues and resolved matters of credibility (see Flagstar Bank, F.S.B. v Konig, 153 AD3d 790, 790-791).
Here, the referee's findings with respect to the total amount due upon the mortgage loan were substantially supported by the record. The referee, in computing the amount due, properly relied upon, among other things, an affidavit of an employee of the loan servicer for the plaintiff, which laid a proper foundation (see CPLR 4518[a]) for the admission of the business records that were relied upon and were annexed to the affidavit.
The defendant's remaining contention is without merit (see Wilmington Trust, N.A. v Reed, 210 AD3d 731).
Accordingly, the Supreme Court should have granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale and denied the defendant's cross-motion for leave to renew its opposition to those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's affirmative defenses and counterclaims, and for an order of reference, and, upon renewal, to deny those branches of the plaintiff's prior motion and to award the defendant summary judgment dismissing the complaint insofar as asserted against it.
DUFFY, J.P., WOOTEN, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court