Albertson Water Dist. v Town of N. Hempstead (2026 NY Slip Op 01024)

Albertson Water Dist. v Town of N. Hempstead

2026 NY Slip Op 01024

Decided on February 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2024-04423
 (Index No. 609053/21)

[*1]Albertson Water District, appellant,
vTown of North Hempstead, respondent.

Carman Callahan & Ingham, LLP, Farmingdale, NY (Michael F. Ingham of counsel), for appellant.
Richard J. Nicolello, Town Attorney, Manhasset, NY (Robert Bogle of counsel), for respondent.

DECISION & ORDER
In an action for a judgment declaring, in effect, inter alia, that the proposed construction plans for the water treatment facilities at the plaintiff's three plant sites are immune from the defendant's zoning and building regulations, the plaintiff appeals from an order of the Supreme Court, Nassau County (Christopher G. Quinn, J.), entered January 23, 2024. The order denied the plaintiff's motion for leave to renew its prior motion for summary judgment on the amended complaint, which had been denied in an order of the same court entered March 31, 2023.
ORDERED that the order entered January 23, 2024, is affirmed, with costs.
The plaintiff, Albertson Water District (hereinafter the District), is an independent commissioner-elected water district responsible for delivering potable water to all consumers within its territory. The District owns three principal plant sites dedicated to the pumpage, storage, and treatment of potable water, all of which are located within the Town of North Hempstead. In 2020, the District obtained approval from the New York State Department of Health and the Nassau County Department of Health to install a granular activated carbon (hereinafter GAC) treatment system at plant no. 4 in order to remove emerging contaminants from the water supply. Not long after construction began, the Town issued a stop work order and demanded that the District file an application for a building permit. Thereafter, the District commenced this action for declaratory relief. The amended complaint alleged, inter alia, that, like the GAC installation project at plant no. 4, the District was preparing to provide treatment to plant no. 3A to remove additional emerging contaminants.
The District moved for summary judgment on the amended complaint. In opposition, the Town asserted that it was not seeking to enforce its zoning code against the District, but that the District was not exempt from the New York State Uniform Fire Prevention and Building Code (see Executive Law art 18; 19 NYCRR ch XXXIII). By order entered March 31, 2023, the Supreme Court denied the District's motion.
The District subsequently moved for leave to renew its prior motion for summary judgment on the amended complaint, which the Town opposed. In an order entered January 23, 2024, the Supreme Court denied the District's motion, finding that the District "failed to provide new facts that were not offered on the prior motion." The District appeals.
"A motion for leave to renew . . . shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (id. § 2221[e][3]). The Supreme Court has the discretion to grant renewal upon facts known to the movant at the time of the original motion, "provided that the movant offers a reasonable justification for the failure to submit the additional facts on the original motion" (Castor v Cuevas, 137 AD3d 734, 734 [internal quotation marks omitted]).
Here, the majority of the evidence submitted by the District in support of its motion for leave to renew was dated prior to its original motion, and the District failed to present a reasonable justification for failing to present these alleged new facts on the prior motion (see Seegopaul v MTA Bus Co., 210 AD3d 715, 716). Furthermore, the District failed to demonstrate that any evidence submitted in support of its renewal motion that was dated after the prior motion would have changed the prior determination, as the plan approvals submitted note that any proposed works must be "constructed in accordance with all applicable Federal, State and local regulations," and that "a separate approval from the local Building Department maybe [sic] required for this project" (see id.).
Accordingly, the District's motion for leave to renew its prior motion for summary judgment on the amended complaint was properly denied.
The District's remaining contentions need not be reached in light of our determination.
BARROS, J.P., FORD, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court